WILL E. MOORE *v.* STATE.

(*Nashville.* December Term, 1928.)

Opinion filed July 20, 1929.

J. T. Peeler, for plaintiff in error.

W. F. Barry, Jr., Assistant Attorney-General, for the State.

Mr. Justice Cook, delivered the opinion of the Court.

■ This appeal is from a conviction for public drunkenness. When arraigned upon the presentment, plaintiff in error filed a plea of former conviction in the City Court of McKenzie. The District Attorney moved to strike the plea because the jurisdiction of the City Judge of McKenzie was limited to offenses against municipal laws and did not extend to cases involving violation of State laws. The trial judge sustained the motion, a trial followed, and plaintiff in error was found guilty and fined for the offense of drunkenness. He insists that the plea of former conviction was erroneously stricken.

The sufficiency of the motion to strike the plea is dependent upon whether the City Judge of McKenzie could exercise jurisdiction. and punish for the offense of drunkenness. *McGinnis* v. *State,* 9 Humph., 43.

■ Municipal governments are instrumentalities of the State for purposes of local government (*State* v. *Critchett,* 1 Lea, 272; *Davis* v. *Knoxville,* 90 Tenn., 955), and, while ordinarily the jurisdiction of municipal courts is limited to cases involving violations of municipal ordinances, it may be extended by the Legislature to cases arising under the State law. The Legislature may es-

tablish courts and determine their jurisdiction when not forbidden by the Constitution.

Article VI, sec. 1, of the Constitution provides:

"The judicial power of this State shall be vested in one supreme court, and in such circuit, chancery and other inferior courts as the legislature shall from time to time ordain and establish; in the judges thereof, and in justices of the peace. The legislature may also vest such jurisdiction in corporation courts as may be deemed necessary. Courts to be holden by justices of the peace may also be established."

Power is expressly given the Legislature to control the jurisdiction of corporation courts. In this connection it may be noted that by sections 5907, 6904, and 5906 of Shannon's Code original jurisdiction of criminal cases is committed to justices of the peace, recorders of towns, etc., and that recorders are declared to be magistrates within the corporate limits of towns where they hold office.

By chapter 317, Private Acts of 1923, an Act to incorporate the City of McKenzie, a municipal court was established and, in respect to the powers of the court, presided over by a police judge, we quote from the Act as follows:

"There shall be a Police Judge of said municipality. As such he shall have power and exercise the functions of and have concurrent jurisdiction with Justices of the Peace within the corporate limits of the municipality over cases involving violations of the State criminal laws, but not otherwise.

"The Judge of the Police Court shall have the exclusive power to impose fines or forfeitures for the breach of any city ordinance, and it shall be unnecessary

to issue warrants in case of violation of city ordinances, except at the time of the trial of such offenses. However, where convenient, he is directed to issue such warrants setting forth the nature and time of the offenses. All process issued by him for the violation of a State law or for a city ordinance shall be issued in the name of the State of Tennessee, and where it involves the violation of a municipal ordinance such warrant shall also state 'For and in behalf of the City of McKenzie.' "

The Legislature expressly clothed the police judge of McKenzie with the jurisdiction of a justice of the peace in cases involving violation of State laws committed within the corporate limits of the city. It was averred in the plea that pursuant to the power conferred upon him, the police judge of McKenzie, upon affidavit of an officer, issued a warrant for the arrest of plaintiff in error upon a charge of drunkenness in violation of law and that he was brought before the city judge to answer the State of Tennessee on the charge of public drunkenness; and that he was convicted and fined for the offense charged.

In cases involving the validity of search warrants issued by municipal judges and recorders, this court has held that under the statutes such officials possess concurrent powers with a justice of the peace in search warrant cases. Most of the cases were disposed of on memorandum opinion, but see *Armstrong* v. *State*, 150 Tenn., 417, where a search warrant issued by the municipal judge of Knoxville was sustained as valid.

The statute expressly conferred power upon the city judge of McKenzie to try the case against plaintiff in error upon the charge of public drunkenness and the plea, sufficient on its face, was erroneously stricken,

Questions of collusion and identity of offenses may arise upon further investigation. The cause is remanded for further proceedings upon the plea of former conviction.