WILLIAM P. WINTER, etc., Complainant,

*v.*

CLIFFORD R. ALLEN, JR., et al., Defendants.

367 S.W. 2d 785.

*(Nashville,* December Term, 1962.)

Opinion filed May 10, 1963.

CLAUDE CALLICOTT, Nashville, for complainant.

EDWIN F. HUNT, Nashville, BOULT, HUNT, CUMMINGS & CONNERS, Nashville, of counsel, for defendant Clifford R. Allen, Jr.

SHELTON LUTON, Davidson County Attorney, HARRY L. MITTWEDE, Nashville, for defendant R. E. Worrall.

MR. JUSTICE WHITE delivered the opinion of the Court.

William P. Winter, owner and operator of Winter's Pharmacy, located in Nashville, filed his original bill against Clifford R. Allen, Jr., Metropolitan Tax Assessor of the Metropolitan Government of Nashville and Davidson County, and R. E. Worrall, Clerk of the County Court of Davidson County, under the Declaratory Judgment Act (T.C.A. sec. 23-1101 et seq.) for the purpose of having the Court determine and declare which of the defendants, the Metropolitan Government Tax Assessor or the County Court Clerk has the duty and responsibility for making merchants' ad valorem tax assessments in the area comprising the General Services District of the Metropolitan Government of Nashville and Davidson County, which is the entire County of Davidson.

Garner Robinson, County Trustee of said County, by leave of the Court, filed an intervening petition for the purpose of having the Court determine and declare whether the Merchant's Ad Valorem Tax which has heretofore been collected by defendant, R. E. Worrall, in his capacity as County Court Clerk, should be collected by said County Court Clerk as provided by general law or by the Trustee as provided in the Charter for the Metropolitan Government of Nashville and Davidson County.

Said County Trustee says in his intervening petition that the matter presented by his intervening petition for decision by the Court has been pretermitted by the decision in the case of *Frazer v. Carr,* 210 Tenn. 565, 360 S.W.2d 449, and prays for a determination of the question at an early date.

Mr. Worrall, County Court Clerk, in his answer says that the provisions of the Charter which transfer to the Metropolitan Government Tax Assessor the duties of assessing merchant's ad valorem taxes are inconsistent with the general laws of Tennessee which assign these duties to the County Court Clerk and that, therefore, under the provisions of sub-paragraph (m) of T.C.A. sec. 6-3711, all such charter provisions as are so inconsistent are invalid and, therefore, void.

The defendant, Worrall, also contends that his office is a constitutional office and, therefore, any provision in the Metropolitan Government Charter which dilutes or divests him of his duty and prerogative of assessing merchant's ad valorem taxes deprives him of a substantial part of his rightful jurisdiction, functions and powers and is, therefore, invalid.

The Metropolitan Government Tax Assessor in his answer states that the provisions of the Charter and the general law under which the Charter was prepared and adopted are paramount to and dominant over any other general laws of the State inconsistent therewith, and that under the Charter the Metropolitan Government Tax Assessor has the duty and responsibility of assessing merchant's ad valorem taxes. (T.C.A. sec. 6-3701 et seq.)

The Chancellor determined the matters in controversy as developed by the pleadings herein were bona fide and that the parties are adversary in interest; that a justiciable issue had been developed justifying an opinion by the Court under the Declaratory Judgments Act.

The Chancellor held that the provision of the Metropolitan Government of Nashville and Davidson County, which delegated to the Metropolitan Tax Assessor the

duty and responsibility of assessing the merchant's ad valorem taxes and the collection thereof by the County Trustee were valid and proper provisions within constitutional limits.

From his action in so holding the County Court Clerk, R. E. Worrall, has perfected his appeal and contends here that the Chancellor was in error in holding that the duty of assessing merchant's ad valorem taxes in Davidson County, has been divested out of said County Court Clerk and vested in the Metropolitan Tax Assessor by the Charter of the Metropolitan Government of Nashville and Davidson County, for the reason that such assessments constitute a substantial part of the duties of the office of the Clerk and such divesture is invalid because the office of County Court Clerk is a constitutional office, and such duties may not be thus taken from him.

The second assignment is that the Chancellor erred in determining and decreeing that the duties and responsibilities of collecting merchant's ad valorem taxes for Davidson County has been properly transferred from the County Court Clerk and vested in the County Trustee by said Charter.

These assignments present only two propositions of law, viz:

■ 1. Where a metropolitan charter adopted pursuant to T.C.A. sec. 6-3701 et seq., provides that the metropolitan (county) tax assessor shall make assessments of merchants' ad valorem taxes and an earlier general law provides that such assessments for counties shall be made by the county court clerk, which public officer has this duty and responsibility of merchants' ad valorem assessments for the metropolitan government?

■ 2. Where a metropolitan charter so adopted provides that the metropolitan (county) trustee shall collect merchants' ad valorem taxes and an earlier general law provides such taxes shall be collected by the county court clerk, which public officer has the duty and responsibility of collecting merchants' ad valorem taxes for the metropolitan government?

The Metropolitan Charter of Nashville and Davidson County expressly provides that all assessments of merchants' ad valorem taxes for the consolidated Government shall be made by the tax assessor and all collections of said taxes shall be made by the trustee. Section 8.113 thereof provides: "The Metropolitan Tax Assessor shall make merchants' ad valorem assessments in and for both the General Services District (which corresponds to the former county of Davidson) and the Urban Services District (which corresponds to the former city of Nashville)." Section 8.116 provides that: "The trustee shall collect and receive real and personal property taxes or tax equivalents and all merchants' ad valorem taxes due the Metropolitan Government for the General Services District and the Urban Services District."

Section 16.02 of the Charter says: "Nothing in this Charter is intended or shall be construed to alter or affect the powers, duties and responsibilities of the County Court Clerk as a collector of state revenues or as the clerk of the Probate Court * * *."

The very purpose and intent of the Charter and of the voters in approving it was to provide for the elimination of two governments located within the confines of Davidson County and to consolidate all functions into one governmental equity. Section 21.01 of the Charter ex-

pressly declares the purpose of the Charter is "to consolidate all or substantially all of the governmental and corporate functions of the county of Davidson and the City of Nashville, so that, in the interest of modern, efficient and economical government, the same may be operated as one governmental entity."

It is contended by the defendant Worrall that he has been unconstitutionally deprived of some of his prerogatives by the Charter which is in express contravention of the general law. With this conclusion we cannot agree for the reasons appearing elsewhere herein.

This argument was answered in principle in the case of *Frazer v. Carr,* 210 Tenn. 565, 360 S.W.2d 449, which sets forth that the 8th Amendment to Article XI, Section 9 of the Constitution provided in part:

"The General Assembly may provide for the consolidation of any or all of the governmental and corporate functions now or hereafter vested in municipal corporations with the governmental and corporate functions now or hereafter vested in the counties in which such municipal corporations are located; * * *."

Acting in accordance with and pursuant to this Amendment, the Legislature by Chapter 120 of the Public Acts of 1957 made provision for such consolidation and the power of the Legislature to so do was approved in *Frazer v. Carr,* supra. Section 2 of said Chapter 120 (T.C.A. sec. 6-3702) states that it is the legislative intent and purpose to provide for the consolidation of all, or substantially all, of the governmental and corporate functions now or hereafter vested in the municipal corporations with the governmental and corporate functions now or hereafter vested in counties in which such municipal corporations

are located, and to provide for the creation of Metropolitan Governments which may be used to fulfill the unique and urgent needs of a modern metropolitan area.

This section provides also that "[t]his chapter is hereby declared to be remedial legislation to be liberally construed as a utilization of the constitutional power granted by Amendment No. 8 to Article XI, section 9 of the Constitution of Tennessee approved at an election on November 3, 1953."

Particular note should be made of the further provision in said Act that

"after consolidation of a county and a municipal corporation or corporations hereunder no functions of the governing bodies of said county and said municipal corporation, *or of the officers thereof,* (Emphasis supplied) shall be retained and continued unless this chapter of the charter of the metropolitan government shall expressly so provide, or unless such retention and continuation be required by the Constitution of Tennessee; and after said consolidation no officer or agency of said county or of said municipal corporation shall retain any right, power, duty or obligation unless this chapter of the charter of the metropolitan government shall expressly so provide, or unless such retention and continuation be required by the Constitution of Tennessee."

█ The office of Clerk of the County Court is provided for in general terms by Section 13 of Article 6 of the Constitution of Tennessee, but the duties and functions of said office are prescribed by law. (See T.C.A. sec. 67-4701 for duty to assess and collect the tax in question.)

Since such duties and functions are prescribed by law they may be repealed, abolished or transferred by a new and different law provided it be of equal dignity, with the law fixing such duties and responsibilities.

The law, T.C.A. sec. 6-3701 et seq. is a general law and it permits transference of duties and functions of governing bodies of said county and said municipal corporation, or the officers thereof. Since this is true and since the charter transfers such functions as hereunder consideration to the tax assessor and to the trustee, we find that the Chancellor was correct in holding:

"* * * it must be remembered that the tax and its collection, herein under consideration, is a local tax, not a state tax, so the method provided for its assessment and collection by the Metro Charter in no wise conflicts with the general law affecting assessment of State revenue and its collection by County Court Clerk. * * *

"The Constitution of the State does not require the County Court Clerk to assess and collect this tax."

The appellant relies upon the case of *State ex rel. Hays v. Cummins,* 99 Tenn. 667, 42 S.W. 880, which held that a sheriff is a constitutional officer, and that his right to the control of the jail and the "custody and keep" of the prisoners cannot be substantially abridged. This general statement finds support in the subsequent cases of *Collier v. Montgomery County,* 103 Tenn. 705, 54 S.W. 989; *Prescott v. Duncan,* 126 Tenn. 106, 148 S.W. 229; *State ex rel. Llewellyn v. Knox County,* 165 Tenn. 319, 54 S.W.2d 973; *State ex rel. Horner v. Atkinson,* 177 Tenn. 660, 152 S.W.2d 620.

The case of *State ex rel. Hays v. Cummins,* supra, held that the Act which sought to take from the sheriff a *substantial part* of the rightful duties as sheriff was unconstitutional.

In the instant case the County Court Clerk has many duties and many functions, the assessment of the merchants' ad valorem tax being only one among them. Therefore, the case of *State ex rel. Hays v. Cummins* is readily distinguishable from the case at bar.

This Court has already upheld the constitutionality of the Charter in question and in so doing pointed out that certain city and county offices were abolished prior to the expiration of the terms of office and their functions transferred to new Metropolitan offices. The Court stated also that T.C.A. sec. 6-3702 was a part of a general law and, therefore, the abolition of such office or the transference of the duties thereof was not subject to the infirmity against such abolishment or diminution thereof by a Private Act.

The County Court Clerk contends that provisions of the Metropolitan Charter which undertake to transfer to the tax assessor certain duties as to merchants' ad valorem taxes are inconsistent with Tennessee Code Annotated, Section 6-3711(m), which provides:

"For the assignment of administrative and executive functions to officers of the metropolitan government, which officers may be given, subject to such limitations as may be deemed appropriate, all or any part of the administrative and executive functions possessed by the county and cities being consolidated and such additional powers and duties, not inconsistent

with general law, as may be deemed necessary or appropriate for the metropolitan government.''

This subsection directs that the metropolitan charter shall provide for the assignment of administrative and executive functions to officers of the metropolitan government. It further states that such metropolitan officers may be given *all or any part* of such functions possessed by the county and cities being consolidated. Finally, it provides that such metropolitan officers may be given ''such additional powers * * * not inconsistent with general law'' as may be deemed necessary or appropriate.

Assessment and collection of merchants' ad valorem taxes are functions presently possessed by both cities and counties. They are not ''powers'' which are ''inconsistent with general law.'' The phrase ''not inconsistent with general law'' is attached to ''additional powers'' and not to assignment of functions. If cities and counties do not presently possess the power, then this power, inconsistent with general law, may not be created by an additional function assigned to a metropolitan officer. On the other hand, if the city and county, being consolidated, do possess the power (i. e., the function) then the charter may assign it to such metropolitan officer for administration as the charter may determine. Such interpretation of subsection (m) is its clear meaning; either considered in isolation or in connection with other provisions of the general enabling act.

Subsection (p) of section 6-3711 directs that the consolidation charter provide for such administrative agencies as may be necessary and appropriate to perform the

consolidated function and for this purpose *for the alteration or abolition of exicting city and county offices.*

To hold with the contention of the appellant would be to defeat, to that extent, the purpose of consolidated government. The result would be that the County Court Clerk would assess and collect merchants' ad valorem taxes for the General Services District and the tax assessor and the trustee would collect for the Urban Services District. We would, in effect, then have two assessors and two collectors of this tax. Of course, this would be contrary to the declared purpose of the enabling legislation and the purpose of the Metropolitan Charter.

In answer to the two questions of law presented for decision in this case, we hold that it is the duty of Metropolitan County Tax Assessor to make assessments of merchants' ad valorem taxes and that the Metropolitan Trustee shall collect such taxes, such duties, functions and responsibilities thereof being effectively and constitutionally transferred from the office of County Court Clerk by said Charter to the said Tax Assessor and Trustee.

Therefore, the action of the Chancellor is in all things affirmed. The appellant will pay the cost of this cause.