BUFORD HILL, Jailer, Metropolitan Jail of Nashville and Davidson County, Tennessee, Plaintiff in Error,

*v.*

STATE OF TENNESSEE ex rel. MITCHELL D. PHILLIPS, Defendant in Error.

392 S.W.2d 950.

(*Nashville*, December Term, 1964.)

Opinion filed August 3, 1965.

NEILL S. BROWN. Metropolitan Attorney, GILBERT S. MERRITT, JR., Associate Metropolitan Attorney, Nashville, for plaintiff in error.

DAN GARFINKLE, Nashville, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

Mitchell D. Phillips was fined $50.00 and sentenced to serve fifteen days in the Metropolitan Workhouse of Nashville and Davidson County, by the Judge of Division II of the Metropolitan Court, for driving an automobile on a revoked driver's license in express violation of T.C.A. sec. 59-716. This section provides that any person who drives a motor vehicle on any public highway of Tennessee when his license to do so is canceled, suspended or revoked, shall be guilty of a misdemeanor, and upon conviction shall be punished by imprisonment by not less than two days nor more than six months, and there may also be imposed, in addition thereto, a fine of not more than $500.00.

The usual mittimus was issued by said judge commanding the jailer, Buford Hill, to receive and safely keep Phillips in jail until the completion of his sentence, or until released by due course of law. Within a short time after being so confined, the relator, Phillips, filed a petition for the writ of habeas corpus, alleging that he was being illegally and unlawfully restrained of his liberty, because the said Court imposing the sentence lacked authority or jurisdiction to do so.

The defendant Hill, in his official capacity as Jailer of the Metropolitan Jail of Nashville and Davidson County, answered by saying that Phillips was not illegally restrained of his liberty. He expressly averred in said answer that Division II of said Metropolitan Court had jurisdiction and authority to levy a fine against the petitioner of $50.00 and to sentence him to serve fifteen days in the Metropolitan Workhouse. The defendant also averred that Phillips executed a waiver of trial by jury and that the sentence imposed was valid and legal in all respects.

Upon the hearing the trial judge held that said Metropolitan Judge did not have the authority or jurisdiction to impose a jail sentence upon a defendant charged with the violation of a State statute. In so holding he referred to two sections of the Metropolitan Charter, the first being sec. 14.01, viz.:

There shall be a Metropolitan Court consisting of two divisions, to be designated Division I and Division II, with one judge for each division. Division I of the Court shall have exclusive jurisdiction to hear, try and dispose of cases involving the breach of any ordinance of the Metropolitan Government, excepting traffic violations, and to impose fines for the breach of such ordinances. Division II of the Court shall have the exclusive jurisdiction to hear, try and dispose of cases in which violations of the Metropolitan traffic laws, ordinances and resolutions may be charged, or in which offenses under the general laws of the State involving vehicular operations are charged, and to impose fines for the breach of any such laws, ordinances or resolutions. The Judges shall have power to remit fines and to release or suspend sentences imposed by them.

The Judges of the Metropolitan Court shall have jurisdiction to bind over offenders to the Grand Jury where probable cause is found to exist in cases involving violations of the criminal laws of the State and in lieu of bond to commit to jail the persons charged and also jurisdiction in misdemeanor cases to bind over to the General Sessions Court.

The second section referred to is sec. 14.06, which provides that appeals from the judgment of the Metropolitan Court shall be to the Circuit Court of Davidson County, or they may be reviewed by said court by the

writ of certiorari. All such cases so appealed or taken by certiorari to the Circuit Court from the Metropolitan Court shall be tried by the Circuit Judge without the intervention of a jury.

The broad question to be resolved here is whether one charged with the offense of driving an automobile on a revoked license in violation of the State statute aforesaid, may be tried and sentenced for such violation by said Metropolitan Traffic Court.

In determining this matter, we look first to the basic law authorizing the creation of our judicial system and we find that by Article 6, sec. 1 of the Constitution, provision is made for the judicial power of the State to be vested in one Supreme Court, and in such Circuit, Chancery, or other inferior courts as the Legislature shall from time to time ordain and establish in the judges thereof, and in the justices of the peace. Said section also provides that the Legislature may vest such jurisdiction in corporation courts as may be deemed necessary. [Corporation courts are, of course, municipal courts.]

In the case of *State ex rel. Haywood v. Superintendent, Davidson County Workhouse,* 195 Tenn. 265, 259 S.W.2d 159 (1953), it was held that the Legislature may establish, as a part of the governmental machinery of a municipality, "a corporation court" with limited jurisdiction and this would not be a delegation of judicial power within the meaning of the Constitution, such as one imposing a penalty for what is commonly known as small offenses. That is, a violation of municipal ordinances. The violation of such ordinances partakes more or less of a civil wrong. *Bristol v. Burrow,* 73 Tenn. 128 (1880); *Memphis v. Smythe,* 104 Tenn. 702, 58 S.W. 215 (1900); and other cases.

It was held in *Moore v. State,* 159 Tenn. 468, 19 S.W.2d 233 (1929), that municipal governments are instrumentalities of the State for the purpose of local government, and, while ordinarily the jurisdiction of municipal courts is limited to cases involving violation of municipal ordinances, it may be extended by the Legislature to cases arising under the State law.

In the recent case of *City of Elizabethton v. Carter County,* 204 Tenn. 452, 321 S.W.2d 822 (1958), it was held again that municipal governments are instrumentalities of the State for purposes of local government and the Legislature has absolute control over their creation, modification or abolition, but any such action requires the passage of a law by the Legislature.

■ It appears, therefore, from all of the authority cited to us by counsel, and which we have been able to locate in our independent research, that a municipal or corporation court has no jurisdiction to hear cases based upon violation of State statutes unless the Legislature has expressly conferred such jurisdiction upon such court. We have been unable to find a private or public act conferring jurisdiction upon the Metropolitan Traffic Court to try and dispose of cases based upon violation of State statutes. We have been cited to none.

Counsel for plaintiff in error argue very forcefully and logically that said Metropolitan Court should have such jurisdiction and with these conclusions we agree. The arguments for economy, efficiency and expeditious handling of traffic cases advanced by counsel for Hill are strong, cogent and convincing, as a matter of public policy, but these arguments for the expansion of municipal court jurisdiction should properly be addressed to

members of the General Assembly. We are dealing here with what the law is and not what it should be.

Section 14.01 aforesaid provides that Division II of the Metropolitan Court shall have exclusive jurisdiction to hear, try and dispose of cases in which violation of the Metropolitan traffic laws, ordinances and resolutions may be charged, or in which offenses under the general laws of the State involving vehicular operations are charged, and to impose a fine for the breach of any such laws, ordinances or resolutions.

The Charter Commission assumed that it had the authority to confer such jurisdiction to try "offenses under the general laws of the State involving vehicular operations." But, did it have such authority? We conclude that it did not for the reasons appearing in this opinion.

The authority of the Charter Commission to create and provide for such courts must, of course, be derived from the Metropolitan Government enabling legislation. The pertinent part of T.C.A. sec. 6-3719 is:

Municipal courts created by the charters of the principal city and smaller cities may be provided for, consolidated or abolished by the charter for metropolitan government as courts thereof * * *.

This could only mean that the Charter Commission had authority to deal with the courts of the Metropolitan Government in the affected area. It is contended on behalf of Hill that the Charter was so drafted

as to make the Traffic Court an integral part of the State system for the enforcement of the State traffic laws. Once the Traffic Court becomes a part of the

State system, the court must follow the terms of State law in enforcing the State traffic code in Davidson County, including the State law which prescribes the punishment to be administered.

We are cited to no authority to support the thought that this corporation court is an integral part of the State judicial system or that it has the jurisdiction contended for. While it is true that provision is made for the establishment of corporation courts in the Constitution, the Legislature did not see fit by the general enabling legislation (T.C.A. sec. 6-3719) to provide that such courts should have such jurisdiction. The section aforesaid merely provides that the municipal courts created by the Charter may be provided for, consolidated or abolished by the Charter for metropolitan governments as courts thereof. That is, as courts of metropolitan governments. No logic could ever support the conclusion that this gave to the Metropolitan Charter Commission authority to create courts having jurisdiction to try State cases.

We have had a limited number of cases submitted to us involving certain aspects of this new type of government and in the first case of *Frazer v. Carr,* 210 Tenn. 565, 360 S.W.2d 449 (1962), we held that the enabling statutes providing for the establishment of a metropolitan government by consolidation of governmental and corporate functions of cities and counties above a certain population were not void as being an unconstitutional delegation of legislative power. See also Article 11, sec. 9 of the Constitution.

We agree that the Charter Commission had the power to consolidate governmental and corporate functions, but we are unable to find that any authority was con-

ferred upon the Commission to provide that a Metropolitan Traffic Court would have jurisdiction to try and dispose of cases involving violations of State statutes.

■ It must be remembered that the Constitution states in Article 6, sec. 1 that the Legislature may also vest such jurisdiction in corporate courts as may be deemed necessary. This authority runs to the Legislature and since the Legislature failed to provide in said general enabling act for such jurisdiction, and since it only provided that municipal courts created by the charters of the principal city and smaller cities may be provided for, consolidated or abolished by the charter for metropolitan government as courts thereof, we are unable to find that the court in question had authority to try and dispose of the instant case. The trying of violations of State statutes is not a municipal corporate function in the traditional sense of the word under the established law of this State.

We have carefully studied the provisions of said T.C.A. sec. 6-3719 aforesaid, and in no way can we interpret them as extending the jurisdiction of the municipal court to permit trial and disposition of State offenses. The statute refers solely to the consolidation or abolition of municipal courts and as municipal courts have never been possessed in Nashville with the jurisdiction sought by the plaintiff in error here, we are not permitted to construe the statute as giving to the Metropolitan Traffic Court the jurisdiction which it has exercised in this case.

In *Winter v. Allen,* 212 Tenn. 84, 367 S.W.2d 785 (1963), we approved the charter provisions which transferred the duties of assessing merchants ad valorem taxes from the county court clerk, where they had been lodged

by general statute, to the Tax Assessor of the Metropolitan Government.

In *Robinson v. Briley,* 213 Tenn. 418, 374 S.W.2d 382 (1963), we approved the transfer of certain functions and duties from the county trustee, lodged there by general statute, to the Metropolitan Treasurer.

In *Metropolitan Government of Nashville and Davidson County v. Poe,* 215 Tenn. 53, 383 S.W.2d 265 (1964), we affirmed the principle set out in the cases just referred to that the duties imposed by general statute could be transferred by the Charter from one metropolitan official to another and cited as authority for such action T.C.A. sec. 6-3702, which provides for the consolidation of all or substantially all of the governmental and corporate functions vested in municipal corporations.

The instant case, however, is not one of consolidation or transfer of power or authority from one court to another, but it is a conferring of jurisdiction upon a municipal court, a corporation court, power and authority not expressly authorized by legislative act.

We hold, under the law as it now exists, that the Traffic Court of the Metropolitan Government of Nashville and Davidson County has no authority to try and dispose of cases involving the violation of State statutes.

The trial court was correct in sustaining the writ of habeas corpus. Therefore, the assignments of error are overruled. Affirmed.

BURNETT, CHIEF JUSTICE, and DYER, HOLMES and CHATTIN, JUSTICES, concur.