**CITY OF KNOXVILLE, State of Tennessee ex rel. Jon G. ROACH, City Attorney for City of Knoxville, and Allen M. Elliott, Municipal Judge, Plaintiffs-Appellants,**

v.

**William E. DOSSETT, District Attorney General, Lillian Bean, Circuit Court Clerk of Knox County, and Helen M. Randles, Clerk of the Criminal and Fourth Circuit Court of Knox County, Defendants-Appellees.**

Supreme Court of Tennessee,
at Knoxville.

June 4, 1984.

Jon G. Roach, City Atty., Knoxville, for plaintiffs-appellants.

Dale C. Workman, Knox County Law Director, W. Edward Dossett, Dist. Atty. Gen., Knoxville, for defendants-appellees.

OPINION

HARBISON, Judge.

This case involves the question of whether municipal courts of the City of Knoxville have jurisdiction over state criminal offenses committed within the municipal boundaries. The Chancellor held that no such jurisdiction exists under present statutes. We affirm.

Such jurisdiction was originally conferred upon the municipal or corporation courts of the City in its charter, first enacted as Tennessee Private Acts 1923, Chapter 412, and thereafter amended on several occasions. All of the amendments oc-

curred prior to the adoption of the "Home Rule Amendment" to the Tennessee Constitution, now comprising a portion of Article XI, § 9. On August 5, 1954, the City of Knoxville adopted the optional Home Rule provisions of the Constitution.

By Tennessee Public Acts 1970, Chapter 464, the General Assembly undertook to remove jurisdiction over state criminal offenses from the municipal courts of Knox and certain other counties falling within a specified population bracket. The effect of this statute, if valid, was to repeal the city charter provisions conferring such jurisdiction. The City has since attempted to adopt a revised Home Rule charter giving jurisdiction over state criminal offenses to its municipal courts, but such charter amendment, of course, can have no effect unless there is statutory authorization conferring state criminal jurisdiction on such courts. *Hill v. State ex rel. Phillips*, 216 Tenn. 503, 392 S.W.2d 950 (1965).

It is insisted by the City that such statutory jurisdiction was expressly conferred by Tennessee Public Acts 1972, Chapter 778, purporting to give to "all Home-Rule municipalities" jurisdiction to create city courts and providing that such courts should not only have power to try and dispose of violations of municipal ordinances but should also

"... have all other powers touching upon the arrest and preliminary trial, discharging, binding over, of all persons charged with offenses against the state committed in the city or municipality."

This portion of the 1972 statute is codified as T.C.A. § 16–17–103.

The 1972 statute, a general act, purported to repeal all acts or portions of acts in conflict therewith and, on its face, would have repealed the 1970 statute, which, as amended, is codified as T.C.A. §§ 40–4–121 through 124. It is apparent, however, that the General Assembly did not consider that the 1970 statute was repealed by the 1972 act, because it expressly amended the 1970 statute in both 1972 and 1980.[1]

It thus appears that when Tennessee Public Acts 1972, Chapter 778, was adopted, conferring state criminal jurisdiction on municipal courts in "all" Home Rule municipalities, there was already in existence a statute removing such jurisdiction from counties in a specified population bracket, and the latter statute has since been reaffirmed by the General Assembly. Construing the statutes together, therefore, it is apparent that the 1972 statute was not intended to repeal the 1970 statute, as amended, and that it conferred state criminal jurisdiction upon corporation courts in those municipalities which were not excepted therefrom by virtue of the 1970 statute and its amendments.

In reviewing the legislative debate concerning the 1972 statute, now codified as T.C.A. §§ 16–17–101 to 105, it appears that the sponsors intended it as enabling legislation only, and they stated that it was primarily designed to meet needs that had arisen in the municipal courts in Memphis. Its language, however, is much broader and more comprehensive. In the legislative debates there was no reference to the prior contrary 1970 statute, which had embraced Davidson, Hamilton and Knox Counties within its population provisions.

Accordingly it results that if the 1970 statute was a valid enactment, since that time there has been no statutory authority for municipal courts in Knox County to exercise state criminal jurisdiction. In the present case appellants insist that the 1970 statute was invalid for several reasons.

The primary insistence of appellants is that the 1970 statute contravened the Home Rule provisions of the constitution, since it was a local or private act and made no provision for ratification by the municipality or its voters. It is the insistence of appellants that the provisions of the city charter were in effect frozen, or insulated from amendment by local act of the General Assembly, after the adoption of Home Rule by the City of Knoxville.

---

1. *See* 1972 Tenn.Pub.Acts, ch. 611; 1980 Tenn. Pub.Acts, ch. 581.

It must be recalled, however, that the subject matter of the legislation is not, strictly speaking, the government of the municipality. It involves jurisdiction of criminal offenses against the State, not violations of city ordinances.

The Tennessee Constitution, Article VI, § 1, provides for a state supreme court, circuit and chancery courts, and other inferior courts as established by the General Assembly. The constitution also states:

"The Legislature may also vest such jurisdiction in Corporation Courts as may be deemed necessary."

With respect to authority over criminal offenses against the State, general statutes provide as follows:

"Original jurisdiction of criminal actions is committed to the courts of general sessions, *recorders of certain towns and cities*, the circuit courts, the criminal courts, and the court for the trial of impeachments." T.C.A. § 40–1–107. (Emphasis added).

Obviously some, but not all, of the municipal or corporation courts which have been created by the General Assembly have been given state criminal jurisdiction. In many instances, including that of Knoxville, this was done through the provisions of a city charter enacted as a private act, or through a separate private act.

As stated in *Hill v. State ex rel. Phillips*, 216 Tenn. 503, 508, 392 S.W.2d 950, 952 (1965):

"It appears, therefore, from all of the authority cited to us by counsel, and which we have been able to locate in our independent research, that a municipal or corporation court has no jurisdiction to hear cases based upon violation of State statutes unless the Legislature has expressly conferred such jurisdiction upon such court."

In *State ex rel. Boone v. Torrence*, 63 Tenn.App. 224, 470 S.W.2d 356 (1971) the distinction between corporation courts and other "inferior" courts, such as courts of general sessions, was discussed. As stated there:

"... the primary function of Corporation or Municipal Courts is enforcement of municipal ordinances and the primary function of General Sessions Courts is enforcement of State laws and the judicial determination of civil disputes within the confines of limited jurisdiction." 63 Tenn.App. at 242, 470 S.W.2d at 364.

▇▇ It is well settled, however, that the General Assembly may confer state criminal jurisdiction upon such corporation courts if it sees fit to do so. *Moore v. State*, 159 Tenn. 468, 19 S.W.2d 233 (1929). *See also State ex rel. Haywood v. Superintendent, Davidson County Workhouse*, 195 Tenn. 265, 266, 259 S.W.2d 159 (1953).[2]

▇▇ The Home Rule provisions contained in Article XI, § 9 of the state constitution do impose limitations upon the power of the General Assembly with respect to municipalities electing to come within them. Nevertheless these limitations do not apply to the authority of the Legislature over the general state judicial system. This question was dealt with in some detail in *State ex rel. Cheek v. Rollings*, 202 Tenn. 608, 308 S.W.2d 393 (1957). There by private act the General Assembly directed that the circuit and chancery courts in Grundy County should no longer meet at Tracy City, where they had previously been designated to sit in addition to meeting at the county seat. There was no provision for ratification of the statute by any local government or its voters, but this Court held that the Home Rule provisions of the constitution had no application to such a private act. The Court said:

"The home rule amendment to Article XI, Section 9 was not designed to give to the voters of a county affected the right to veto Acts of the Legislature with State Courts or the salaries to be paid

---

2. The judges of such courts are not required to be elected by the people and there is no provision in the state constitution with respect to their terms of office. *State ex rel. Johnson v.*

*Davis*, 204 Tenn. 510, 322 S.W.2d 214 (1959); *City of Elizabethton v. Carter County*, 204 Tenn. 452, 321 S.W.2d 822 (1958).

out of the Treasury of the State of Tennessee to the Judges and Chancellors thereof." 202 Tenn. at 618–19, 308 S.W.2d at 397.

In the case of *Jones v. Haynes,* 221 Tenn. 50, 424 S.W.2d 197 (1968) it was held that the Home Rule Amendment has no relation to the enactment of criminal statutes, nor can it be left to the vote of the people in a particular county as to whether a specified criminal statute shall be operative therein.

In many of the foregoing authorities and in numerous others it has been stated that cities and counties are arms of state government and exist for the convenience of the State for purposes of local government. These are given certain protection from interference by the General Assembly under the Home Rule Amendment with respect to local matters, but not with respect to the general judicial power of the state nor with respect to jurisdiction over violation of the state's general criminal laws. The latter, in our opinion, may be conferred or removed by the General Assembly in its discretion. Since 1970 the General Assembly has not intended for the municipal courts in Knox County to have jurisdiction over state criminal offenses.

The trial judge held that the population bracket contained in the 1970 statute and the amendments thereto was such that other counties could easily grow into its parameters. He accordingly concluded that the provisions of the 1970 statute, now codified as T.C.A. §§ 40-4-121 through 124, were not private or local in nature, but that they constituted a general act, applicable to certain of the larger counties in the state. He accordingly sustained its validity upon that basis, relying upon *Bozeman v. Barker,* 571 S.W.2d 279 (Tenn.1978).

While that may be a sufficient basis upon which the statute could be sustained, we are also of the opinion that its subject matter is such as not to fall within the restrictions of the Home Rule Amendment. Further, its provisions do not violate any general mandatory statutes of statewide application or suspend the general law.

There was no general statute conferring criminal jurisdiction upon municipal courts when the 1970 statute was enacted. The 1972 statute, conferring such jurisdiction in some municipalities, obviously was not intended by the General Assembly to repeal the statute here in question, as previously discussed.

In our opinion, if the General Assembly could validly confer such jurisdiction upon the municipal courts of Knoxville as it did years ago in the early charter provisions, it could also remove that jurisdiction without violating the Home Rule Amendment or any other provisions of the state constitution. It has plenary power in conferring jurisdiction of criminal offenses against the State, and may add this to corporation courts or withdraw it, in its discretion, under Article VI, § 1, of the constitution. The statutes in question do not deal with the administration of local affairs or the violation of local ordinances, as to which an entirely different question would be presented.

The judgment of the Chancellor is affirmed at the cost of appellant.

COOPER, C.J., and FONES, BROCK and DROWOTA, JJ., concur.