# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 24, 2011 Session

## FIRST COMMUNITY FINANCIAL SERVICES v. RONALD SIMMONS AND SUNNY SIMMONS

**Appeal from the Circuit Court for Franklin County**
**No. 17,133-CV      J. Curtis Smith, Judge**

---

**No. M2010-01597-COA-R3-CV - Filed June 10, 2011**

---

The plaintiff financial services company filed actions in the General Sessions Court against defendants alleging they had defaulted on promissory notes. The court entered judgments for the plaintiff on both notes, including attorney fees. After making installment payments on the judgments for well over a year, the defendants filed a Rule 60 motion in the same court to set the judgments aside, accompanied by affidavits alleging that their signatures on the notes were forgeries. The court overruled the motion because it was filed more than ten days after the challenged judgments were entered and thus was not timely in accordance with Tenn. Code Ann. § 16-15-727(b). The defendants then appealed to the Circuit Court, which dismissed the appeal on the ground of lack of jurisdiction because of the untimeliness of the defendants' filing in the court below. We affirm the Circuit Court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Norris Arthur Kessler, III, Floyd Don Davis, Winchester, Tennessee, for the appellants, Ronnie and Sunny Simmons.

Clifton N. Miller, Bradley Joseph Eldridge-Smith, Tullahoma, Tennessee, for the appellee, First Community Financial Services.

# OPINION

## I. AN ACTION FOR DEFAULT

First Community Financial Services ("the lender") filed two civil warrants in the General Sessions Court of Franklin County on August 16, 2006. The warrants alleged that Ronnie and Sunny Simmons ("Defendants") had defaulted on two promissory notes. The first of these notes was dated April 24, 2002, and was in the amount of $18,533. 50. The second note was dated June 20, 2003, and was in the amount of $4,598.22. The lender asked the court to award it the balance due on both notes as well as attorney fees and court costs.

Trial on both warrants was conducted on October 24, 2006. Defendants were represented by counsel. In an order filed on November 1, 2006, the trial court entered judgments for the lender on both notes, and ordered Defendants to pay the amounts due as well as attorney fees of 20% on both amounts, plus court costs. The lender and Defendants apparently entered into an agreement whereby Defendants would pay $200 per month on each judgment.[1] Apparently, Defendants made payment for approximately a year, but stopped making payments in November of 2007. The lender then filed a garnishment action, and began garnishing the wages of Ronnie Simmons.

On August 1, 2008, Defendants filed a Rule 60.02 motion in General Sessions to vacate and set aside the two judgments, accompanied by affidavits alleging that the signatures on the notes were forgeries. On August 5, 2008, the court conducted a hearing on that motion as well as Defendants' motion to quash the garnishment. The court heard the testimony of witnesses and argument by counsel for both sides. On August 22, 2008, the court filed an order denying the motion to set aside judgments, citing the fact that it was filed more than ten days after the period allowed under Tenn. Code Ann. § 16-15-727(b) for filing a Rule 60 motion in General Sessions Court. The court also reinstated the order requiring Defendants to pay $200 per month on each judgment, and it declared that "either party shall be allowed ten (10) days from this order to appeal the same."

Defendants appealed the decision to the Circuit Court of Franklin County. The lender filed a motion to dismiss the appeal, asserting that the General Sessions Court did not have jurisdiction to consider the motion to set aside the judgments because of the untimely filing and that the Circuit Court lacked jurisdiction to hear Defendants' appeal for the same reason. The trial court agreed, and granted the lender's motion to dismiss the appeal. An appeal to this court followed.

---

[1]Defendants' attorney asserted at oral argument that the parties entered into an agreed order for payment of the debt, but that order is not in the appellate record.

## II. ANALYSIS

### A. The Filing Requirement of Tenn. Code Ann. § 16-15-727(b)

Defendants argue on appeal that their Rule 60 motion should be considered timely or, in the alternative, that the General Sessions Court effectively waived any untimeliness by choosing to hear their motion before dismissing it. They also argue that the General Sessions judgments against them were rendered void when they filed affidavits of forgery.

Prior to June of 2007, our General Sessions Courts were not permitted to amend or to grant relief from their own judgments except for reason of clerical mistakes. On June 4, 2007, our General Assembly enacted Tenn. Code Ann. § 16-15-727(b) [Tenn. Pub. Acts 2007, ch. 443 § 1] which for the first time gave the General Sessions Courts the power to grant post-judgment relief pursuant to Tenn. R. Civ. P. 60.02 for "mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule . . ." The statute authorizing post-judgment relief, Tenn. Code Ann. § 16-15-727(b), specifically states that "[a] motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment."[2]

Defendants nonetheless asserted at oral argument that the court could have applied the "reasonable time" standard found in Tenn. R. Civ. P. 60.02 and accordingly found their motion to be timely filed.[3] Defendants therefore imply that the court had the choice to apply the statute or Rule 60.02, and that it should have chosen to apply the Rule. We find that the court was compelled to apply the statute, which extends to the General Sessions Court the power to correct its judgments in the same manner as the Circuit and Chancery Courts, but only if the motion to do so is filed within ten days of the entry of such judgments. In other words, the General Sessions Court was limited in its ability to change its judgment only in accordance with the statute.

Because we have determined that the statutory 10-day limit applies, this court need not address the question of whether Defendants' Rule 60.02 motion was filed within a reasonable time. *See R & F Enterprises, Inc. v. Penny,* No. E2009-00007-COA-R3-CV, 2010 WL 624048, at *2 (Tenn. Ct. App. Feb. 22, 2010) (no Tenn. R. App. P. 11 application

---

[2]Tenn. R. Civ. P. 60.02 recites that a motion for relief under that rule must be filed either "within a reasonable time, or "no more than one year after the judgment, order or proceeding was entered or taken," depending upon the ground for relief asserted.

[3]Defendants did not contend in their brief on appeal that their Rule 60 motion was timely filed, but they made that assertion at oral argument.

filed) (holding that the General Sessions Court was without authority to set aside its judgment under Rule 60.02, because the motion was filed more than ten days after the date of that judgment).

### B. The Question of Jurisdiction

In its order of August 22, 2008, the General Sessions Court dismissed the Defendants' Rule 60.02 motion as untimely. It also stated that it had heard arguments as to the alleged forgery of Defendants' signatures on the notes in question, as well as an admission by Sunny Simmons that she and her husband had received the proceeds of the loan and had made payments on it for a number of years before the lender filed suit. Defendants contend that because the court heard their motion and related matters "by agreement of the parties," any objections to the untimeliness of their motion had somehow been waived and that they were therefore entitled to a review in Circuit Court.

The General Sessions Courts are courts of limited jurisdiction that derive their authority and jurisdiction solely from legislative enactment. *Ware v. Meharry Medical. College*, 898 S.W.2d 181, 183 (Tenn. 1995); *City of Knoxville ex rel. Roach v. Dossett*, 672 S.W.2d 193, 195 (Tenn. 1984); *Riden v. Snider*, 832 S.W.2d 341, 342 (Tenn. Ct. App. 1991). Prior to the enactment of Tenn. Code Ann. § 16-15-727(b), the General Sessions Courts had no authority to amend their judgments once those judgments were rendered, other than to correct clerical mistakes. At that time, the only recourse for a party dissatisfied with a General Sessions judgment was by appeal to the Circuit Court, which could be had by filing a notice of appeal within ten days of the judgment. Tenn. Code Ann. § 27-5-108; *Jackson Energy Authority v. Diamond*, 181 S.W.3d 735, 738 (Tenn. Ct. App. 2005).

This court has stated that the ten-day deadline to appeal a General Sessions Court judgment to Circuit Court is jurisdictional. *Tennessee Protection Agency, Inc. v. Mathies,* M2009-01775-COA-R3-CV, 2010 WL 2889316 (Tenn. Ct. App. July 23, 2010)(Rule 11 permission to appeal denied Jan. 12, 2011); *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *5 (Tenn. Ct. App. Jan. 29, 2008)(no Tenn. R. App. P. 11 application filed); *Cagle v. Cass*, No. W2001-00760-COA-R3-CV, 2001 WL 792644, at *3 (Tenn. Ct. App. July 6, 2001) (no Tenn. R. App. P. 11 application filed). *See, also*, *Love v. College Level Assessment Services, Inc.*, 928 S.W.2d 36, 38 (Tenn. 1996). Thus, jurisdiction over a matter first adjudicated in the General Sessions Court does not arise in the Circuit Court unless a timely notice of appeal is filed. Neither the General Sessions Courts nor the Circuit Court possesses the power to waive the statutory requirements.

The two judgments in this case were filed seven months before the enactment of Tenn. Code Ann. § 16-15-727(b). The only avenue for relief available to Defendants at the time

was therefore through an appeal to Circuit Court.[4] Defendants did not file a timely appeal, but instead entered into an agreement to pay the judgments in installments. The judgments accordingly became final and unappealable. Almost two years later, Defendants filed a Rule 60.02 motion. Their motion was denied, and within ten days they filed an appeal to Circuit Court. Such actions constitute a transparent attempt to bootstrap their untimely-filed Rule 60.02 motion to negate the finality of the judgments against them and to establish jurisdiction in the Circuit Court.

Defendants' argument implies that the Circuit Court can simply ignore the ten day jurisdictional requirement if the General Sessions Court chooses to grant any sort of hearing to a party filing an untimely Rule 60.02 motion. But to do so would not only render the statutory language a nullity, it would violate a bedrock principle of our judicial system: that our courts "derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act, and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication." *Dishmon v. Shelby State Community College*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citations omitted).

Thus, our courts cannot assume subject matter jurisdiction through the process of waiver. *Landers v. Jones,* 872 S.W.2d 674, 675 (Tenn. 1994). To state the principle more broadly, "[t]he parties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *First American Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 140-41 (Tenn. Ct. App. 2001). *See also Caton v. Pic-Walsh Freight Co.*, 364 S.W.2d 931, 933 (Tenn. 1963); *Dishmon v. Shelby State Community College*, 15 S.W.3d at 480.

### C. The Affidavits of Forgery

Defendants attached affidavits of forgery to their untimely-filed Rule 60.02 motion. They argue on appeal that because of the execution and filing of those affidavits, the judgments entered in the General Sessions Court were rendered void. Their argument is presumably derived from the principle that forgery can render an instrument void or voidable. *See Beazley v. Turgeon*, 772 S.W.2d 53, 59 (Tenn. Ct. App. 1988) (stating that a forged deed of trust is "null and void upon its execution").

---

[4]The parties agree that since Tenn. Code Ann. § 16-15-727(d) was a procedural statute, it could be applied retroactively to actions arising before its enactment. *See Saylors v. Riggsbee*, 544 S.W.2d 609, 610 (Tenn. 1976). But since the initial judgment in this case was rendered well before the enactment of the statute, the ten day time limit expired before the defendants could avail themselves of the Rule 60.02 remedy.

Defendants cite Tenn. Code Ann. § 24-5-107, governing actions on sworn account, which they imply gives them the right to use their Rule 60.02 motion to challenge the validity of the notes in question. Unfortunately for them, nothing in that statute cures the untimeliness of their motion. Tenn. Code Ann. § 24-5-107(a) creates an easy and inexpensive process to enable a creditor to collect his debts when they are justly due and no real defense exists. *See Clark Power Services, Inc. v. Mitchell*, E2007-01489-COA-R3-CV, 2008 WL 2200047 at *3 (Tenn. Ct. App. May 27, 2008). The statute makes a properly authenticated and sworn account conclusive against the party charged, "unless that party on oath denies the account or except as allowed under subsection (b)." That subsection reads:

> (b) The court shall allow the defendant orally to deny the account under oath and assert any defense or objection the defendant may have. Upon such denial, on the plaintiff's motion, or in the interest of justice, the judge shall continue the action to a date certain for trial.

Although there is no transcript of the proceedings in General Sessions Court, the lender asserts, and Defendants do not deny, that it brought this action on a sworn account, but that instead of denying the account, Defendants agreed to a judgment through their counsel. Almost two years later, and after making many payments on the account, Defendants attempted to present a sworn denial to the court, which was surely based on information that was available to them at the time of the original proceeding.

If Defendants had presented their affidavits of forgery to the court prior to judgment, that would have triggered the lender's obligation to respond to them and enabled the trial court to set a date for consideration of the merits of their allegations in accordance with Tenn. Code Ann. § 24-5-107(b).

To sum up, when the lender presented the promissory notes at issue to the trial court, Defendants could have denied under oath the validity of those notes because of forgery or any other basis, and they would have been entitled to a continuance and to a trial of the matter under Tenn. Code Ann. § 24-5-107(b). Because they did not do so, final judgments were rendered against them and the General Sessions Court lost any further jurisdiction of the case. Their late-filed affidavits can therefore have no effect on those final judgments, nor establish jurisdiction in the Circuit Court.

### D. A Frivolous Appeal

The lender has asked us to hold this appeal to be frivolous and to assess costs against Defendants in accordance with Tenn. Code Ann. § 27-1-122. That statute gives the reviewing court the authority to award damages for an appeal that was frivolous or taken

solely for delay. Such damages may include costs, interest on the judgment, and expenses incurred by the appellee as a result of that appeal.

Tenn. Code Ann. § 27-1-122 should not be applied so strictly so as to discourage legitimate appeals. *Davis v. Gulf Insurance Group*, 546 S.W.2d 583, 586 (Tenn. 1977). However, "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). "A frivolous appeal is one that is devoid of merit, or one in which there is very little prospect that it can ever succeed." *Industrial Development Board of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). To put it another way, a frivolous appeal is one that has no reasonable chance of success. *Liberty Mutual Insurance Co. v. Taylor*, 590 S.W.2d 920, 922 (Tenn. 1979).

As we noted above, there is no merit in any of the arguments presented by Defendants. They failed to cite any statutory or case law that would have supported their assertion that their Rule 60.02 motion was timely or that the trial court had the power to excuse its untimeliness. There is also nothing in the appellate record to support the assertions made by Defendant's attorney during oral argument that the lender deceived his clients when it lent them the money upon which the disputed promissory notes are based. Under Tenn. R. App. P. 13(c), this court may only consider the facts established by the evidence in the trial court, or certain kinds of post-judgment facts that are not present in this case. There was thus no reasonable chance that this appeal could succeed, and we accordingly find it to be a frivolous appeal. We remand this case to the Circuit Court for a determination of the proper amount of damages to assess.

### III.

The judgment of the trial court is affirmed. We remand this case to the Circuit Court of Franklin County for any further proceedings necessary. Tax the costs on appeal to the appellants, Ronnie and Sunny Simmons.

_____
PATRICIA J. COTTRELL, JUDGE