IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2014

## STATE OF TENNESSEE v. ELKE BABETTE PASTER

**Appeal from the Circuit Court for Fayette County**
**No. 13-CV-87     J. Weber McCraw, Judge**

**No. W2014-00606-CCA-R3-CD  -  Filed January 28, 2015**

The Defendant, Elke Babette Paster, was charged with multiple Tennessee Code Annotated traffic offenses.  These charges were initially set for adjudication in Somerville City Court but were later transferred to Fayette County General Sessions Court, where that court found the Defendant guilty of speeding.  Upon her appeal to the Fayette County Circuit Court from the General Sessions Court's judgment, the Circuit Court granted the Defendant's motion to dismiss, declaring the General Sessions Court order void and reinstating the City Court's adjudication of her charges.  She now appeals challenging the jurisdiction of the City Court, the authority of that court to transfer the case to the General Sessions Court, and the Circuit Court's reinstatement of the City Court's adjudication.  Following our review, we reverse the order of the Circuit Court dismissing the case and remand to that court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed; Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

Elke Babette Paster, Bethel Springs, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

On July 15, 2013, the Defendant was cited for three separate traffic violations in Somerville, Fayette County, Tennessee: speeding in violation of Tennessee Code Annotated

section 55-8-152; failure to change the address on her license in violation of Tennessee Code Annotated section 55-50-333; and failure to comply with the financial responsibility requirements of Tennessee Code Annotated section 55-12-139. These charges were set for disposition in Somerville City Court on November 5, 2013. On that day, the disposition box of guilty on the Somerville Police Multiple Offense Citation was checked for all three charges. However, despite the notation of disposition, the citation form also reflected a notation transferring the case from Somerville City Court to Fayette County General Sessions Court: "11/5/13 - Transferred from Somerville Traffic Court to Fayette County General Sessions Court." Thereafter, the General Sessions Court entered an order on November 7, 2013, finding the Defendant guilty of speeding and dismissed the other charges. According to this order, the case was transferred because the Defendant's husband "was arrested during city court for disorderly conduct."

Subsequent to the General Sessions Court's adjudication, the Defendant appealed to the Fayette County Circuit Court. In the Circuit Court, the Defendant moved to have the case dismissed because of lack of jurisdiction, official misconduct, and ex parte communications in the City Court and because the case was improperly transferred to the General Sessions Court "ignoring due process." However, that motion was denied, and the case was set for trial.[1]

On the date of the scheduled trial, March 24, 2014, the Circuit Court reconsidered the Defendant's motion to dismiss "[u]pon review of the entire matter"[2] and declared that the order of the General Sessions Court was void because the "General Sessions Court did not have authority to adjudicate the traffic citations. . . . The City Court of the Town of Somerville had jurisdiction to adjudicate the traffic offenses and did so on November 5, 2013." In addition to reinstating the order from the City Court, the Circuit Court granted the Defendant additional time to file an appeal from the City Court's decision in order to avoid any injustice resulting from the General Sessions Court's intervention.

From this action, the Defendant now appeals challenging the jurisdiction of the City Court, the authority of that court to transfer the case to the General Sessions Court, and the Circuit Court's reinstatement of the City Court's adjudication. The State contends that the

---

[1] It appears that the Defendant was "heard in open court" on this date. However, the Defendant was charged with only misdemeanor offenses, and there is no proof that a court reporter was present. See State v. Jason Peter Meeks, No. M2011-01134-CCA-R3-CD, 2012 WL 3085563, at *1-3 (Tenn. Crim. App. July 31, 2012) (holding that a defendant charged with only misdemeanor offenses has no right to a verbatim transcript of the proceedings).

[2] It is not apparent from the record whether any additional argument took place before the Circuit Court's dismissal. The Defendant states that she was "not allowed to address the Circuit Court."

Circuit Court properly vacated the judgment of the General Sessions Court and remanded the case to the City Court for the Defendant to perfect her appeal. However, we disagree with all parties.

While ordinarily the jurisdiction of municipal courts is limited to cases involving violations of municipal ordinances, it may be extended by the General Assembly to include other cases arising under Tennessee law. See, e.g., City of Chattanooga v. Davis, 54 S.W.3d 248, 276-77 (Tenn. 2001); Hill v. State ex rel. Phillips, 392 S.W.2d 950, 952 (Tenn. 1965); Moore v. State, 19 S.W.2d 233, 233 (Tenn. 1929). Accordingly, the General Assembly has provided that certain municipal courts have original jurisdiction of Tennessee criminal offenses. See Tenn. Code Ann. § 40-1-107 (providing that "[o]riginal jurisdiction of criminal actions is committed to the . . . city judges of certain towns and cities"). Those municipal courts that exercise jurisdiction over criminal offenses are usually accorded concurrent jurisdiction with general sessions courts for offenses committed within the city limits. See, e.g., City of White House v. Whitley, 979 S.W.2d 262, 263 (Tenn. 1998) (noting authority of White House Municipal Court "to exercise jurisdiction concurrent with courts of general sessions in all cases involving the violation of the criminal law of the State within the corporate limits of the city"); State v. Jeremy White, No. W2001-02580-CCA-R9-CD, 2002 WL 31259496, at *1 (Tenn. Crim. App. Sept. 25, 2002) (noting that Collierville Municipal Court was vested with concurrent jurisdiction and authority with court of general sessions). Because the Defendant's multiple Tennessee Code violations were initially set to be adjudicated in Somerville City Court, the record clearly indicates that Somerville City Court is such a court having concurrent jurisdiction with Fayette County General Sessions Court over Tennessee Code Annotated traffic offenses committed inside the city limits of Somerville.

The General Sessions Court's order stated that the case was transferred from City Court because the Defendant's husband "was arrested during city court for disorderly conduct." Thus, it appears that the City Court judge transferred the matter to the General Sessions Court, a court with concurrent jurisdiction, due to the unruly actions of the Defendant's husband and his subsequent arrest in the City Court. Moreover, the Defendant alleged official misconduct and wrongdoing of the City Court in her motion to dismiss filed in the Circuit Court.

The Circuit Court's reasoning for voiding the General Sessions Court's judgment and reinstating the City Court's adjudication is not entirely clear. In the order, the Circuit Court judge determines that the "General Sessions Court did not have authority to adjudicate the traffic citations. . . . The City Court of the Town of Somerville had jurisdiction to adjudicate the traffic offenses and did so on November 5, 2013." Although not specifically stated, the Circuit Court's conclusion indicates that the General Sessions Court did not have jurisdiction

over the traffic offenses and that the City Court had entered a final disposition in the matter. However, as previously noted, the General Sessions Court has concurrent jurisdiction over the Tennessee Code Annotated traffic offenses and, thus, has the authority to rule on the Defendant's citations.  The Defendant was not cited for violations of municipal ordinances. In fact, the Somerville Police Multiple Offense Citation lists both the City Court and the General Sessions Court as possible places for adjudication of certain violations, and the police officer checks the appropriate box.

Moreover, we think the City Court is in the best position to determine whether its adjudication of the Defendant's charges was final.  Despite the disposition boxes being checked on the citation form, the City Court clearly did not consider its adjudication to be final in light of the events as they unfolded in that court and the subsequent transfer of the case.  In accordance with the foregoing, the General Sessions Court's judgment of speeding was proper, and any appeal from that decision properly lies with the Circuit Court. See Tenn. Code Ann. § 27-5-108.  Therefore, the Circuit Court's order of dismissal is reversed, and the case is remanded to that court for a trial on the Defendant's speeding charge.

_____
D. KELLY THOMAS, JR., JUDGE
