MAYOR AND ALDERMEN OF BRISTOL *v.* R. BURROW.

PRACTICE AND PLEADINGS. *Warrant. Amendment.* Suits for violation of ordinances of a municipal corporation, being civil and not criminal actions, amendments of the warrant may be allowed by the court, to which the action is taken by *certiorari* for a new trial. It is error to refuse amendment and quash a warrant for an "affray," the ordinance forbidding disorderly conduct.

FROM SULLIVAN.

Appeal in error from the Circuit Court of Sullivan county. J. A. McKINNEY, J.

W. D. McCROSKEY for Mayor and Aldermen.

H. S. GOOKIN for Burrow.

McFARLAND, J., delivered the opinion of the court.

The mayor of Bristol issued a warrant in the name of the mayor and aldermen, against Burrow and Johnson, charging them with an affray. It was returned before the mayor for trial. He discharged Johnson, but assessed a fine of $2.50 and costs against Burrow. The latter presented his petition to the circuit judge for writs of *certiorari* and *supersedeas* to bring the case up for "a new trial," alleging that he was not guilty, but had acted in self-defense. Upon the cause being brought into the circuit court, the defendant moved to quash the warrant and judgment,

upon the ground that an "affray" is a common law offense, of which the mayor had no jurisdiction.

The plaintiff moved for leave to amend the warrant so as to show that the offense committed was "disorderly conduct," and in violation of section 10, of chapter 19, of the by-laws of said corporation. The latter motion was refused, but the former was sustained and the proceedings quashed, and the mayor and aldermen have appealed.

The argument for the defendant is, that in respect to violations of the criminal laws of the State, the mayor can only act as a justice of the peace, being expressly clothed with the power of a justice, and that for misdemeanors such as an affray, he has only the power to fine the defendant if he submits under the small offense law, or if he pleads not guilty, to bind him over to court, the prosecution being in the name of the State. This is true, but a civil action, in the nature of an action of debt, lies at the suit of the mayor and aldermen to recover penalties for violating town ordinances and by-laws, and the acts prohibited by the ordinance and by-laws may be such as are also criminal offenses against the State. *Meaher* v. *Mayor and Aldermen of Chattanooga*, 1 Head, 74; *Wood* v. *M. & A. of Grand Junction*, 5 Heis., 440.

The warrant in this case, while not in the most appropriate form, yet being in the name of the mayor and aldermen and not in the name of the State, it may be fairly taken as a suit to recover a penalty. 5 Heis, 440. True, the offense is described as an affray, but regarding it as in the nature of an action

9—VOL. 5.

of debt, we think the court should have allowed the amendment, so as to show that the offense intended to be charged was disorderly conduct, in violation of the town by-laws. An affray would be "disorderly conduct," and the amendment although perhaps necessary to bring the cause within the by-laws, was not changing the entire nature of the complaint. If the defendant's petition had sought to bring up the case to quash the proceeding upon the ground that upon the face of the warrant the mayor had no jurisdiction, it would perhaps be doubtful whether an amendment could then have been allowed so as to cure the defect, but the case having been brought up for a *new trial* upon the merits, we think the amendment should have been allowed.

Judgment reversed and remanded.