Memphis *v.* Smythe.

MEMPHIS   *v.*   SMYTHE.

(*Jackson.*    June   6,   1900.)

1. ACTIONS.   *For breach of city ordinance are civil actions.*

An action brought before a City Court, for recovery and enforcement of a fine or penalty for breach of a city ordinance, is a civil action in the nature of an action of debt.

Cases cited: Meaher *v.* Chattanooga, 1 Head, 76; Wood *v.* Grand Junction, 5 Heis., 440.

2. MUNICIPAL CORPORATION.   *Health ordinance.*

A city ordinance forbidding, under penalty, the removal of a placard put up by the health officer, upon certificate of the attending physician showing the presence of an infectious disease, is not violated by the removal of such placard by the owner of the premises, where it has been put up on premises where there is at the time no sickness whatever, and in the teeth of the opinion of the family physician to that effect.

FROM   SHELBY.

Appeal in error from Circuit Court of Shelby County.   J. S. GALLOWAY, J.

JNO.   H.   WATKINS   for   Memphis.

DUNCAN   MARTIN   for   Smythe.

BEARD, J.   The city of Memphis caused a warrant to be issued for the arrest of the defendant

in error for a violation of a health ordinance. At the trial in the Recorder's Court he was found guilty, and a fine was imposed. The defendant below carried the case by appeal to the Circuit Court, where, upon a hearing, it was dismissed, and the city has brought the cause to this Court by an appeal in the nature of a writ of error. A motion has been made to dismiss the appeal, upon the ground that this is a criminal proceeding, and defendant in error has been once in jeopardy. This motion is not well taken. A warrant for a fine or penalty imposed for a violation of a town ordinance is civil in character, being in the nature of an action of debt. *Meaher* v. *Chattanooga,* 1 Head, 76; *Wood* v. *Grand Junction,* 5 Heis., 440.

The ordinance for a breach of which the defendant in error was prosecuted provides that "every physician shall immediately report . . . any person he may attend . . . within the city limits . . . sick with, or who he has reason to suspect has, . . . diphtheria . . . thereupon it shall be the duty of the health officer . . . to placard the house . . . said card designating the character of the disease, and it is not to be removed by any other than a health officer or sanitary policeman." Another section of the ordinance provides a penalty by way of fine for a violation of any of the foregoing provisions.

That this is a salutary ordinance, the strict enforcement of which is essential to prevent the spread of contagious diseases, is certainly true. The contention is, however, that in the case at bar it had no application, and the defendant in error, in the Act complained of, was therefore not guilty of an offense.

The record discloses that the defendant in error is a practicing physician in Memphis, and on Tuesday night, April 11, 1899, at his residence, his child was taken ill with what he (the father) feared was diphthcria; that the next morning he called in Dr. Rogers, also a physician of high standing in that city, who, upon examination, was unable to discover any symptoms of this disease, and so told the family. Notwithstanding this assurance, the defendant in error, still suspicious or apprehensive, after the departure of Dr. Rogers, made a telephone report to the City Board of Health that the child was sick with what he feared was diphtheria, but he added that Dr. Rogers, who was attending the patient, did not so regard it.

Dr. Rogers called again that afternoon, and once more assured the family there was no indication of this disease. On Thursday afternoon he made his last visit, and finding the child well, or practically so, dismissed the case.

The record shows that the fears of the father

were groundless, and that this child's illness was not diphtheria.

The Board took no action until Friday morning, when one of its employees telephoned to the defendant in error that a report of the case of diphtheria at his house was required. To this he replied there was not, nor had there been, a case of that disease at his house; that his infant child had been sick, but was then entirely well. Thereafter, by order of the Board, the house was placarded for diphtheria, upon discovering which the defendant tore down the placard.

We think on these facts the action of defendant in error was warranted. If on the receipt of the report of the defendant in error on Wednesday morning of his suspicion that the case was one of a contagious character, the sanitary authorities had acted by placarding the house, the ordinance in question would have applied. But waiting, as they did, until it had been ascertained that it was not such a disease, and the child was entirely recovered, their action came too late. This being so, there was no reason why the defendant in error should permit the placard to remain posted on his house, as its natural, if not necessary, effect was to warn friends and patients alike against entry lest they be exposed to the contagion.

Affirmed.