\*KIVETT *v.* MASON.

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

---

\*See State ex rel. v. Eblen, page 566 infra.

560

R. ARNOLD KRAMER and R. R. KRAMER, both of Knoxville, for appellant.

JOHN P. DAVIS, of Tazewell, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The ultimate question for decision in this case is whether the appellant Kivett or the appellee Mason is County Judge of Claiborne County. The office was created by Chapter 532 of the Private Acts of 1929 reading so far as here pertinent:

"That there be and the same is hereby created the office of County Judge of Claiborne County, Tennessee, and that there shall be elected by the qualified voters of said county a person to be styled the County Judge of Claiborne County, and who shall be County Judge of said county. Such person shall be a citizen of said County, of moral character, learned in the law, and at least thirty years of age. He shall hold his office for a term of eight years."

Chapter 351 of the Private Acts of 1937 amended this Act by striking the words "learned in the law" and substituting therefor the words "a practicing attorney."

Kivett was elected and inducted into this office in August, 1944. He had a license to practice law in Tennesee and was at that time so practicing in Claiborne County. Subsequently, disbarment proceedings against him were commenced in the Chancery Court. After a hearing, a decree which permanently disbarred him from the practice of law in Tennessee was entered. It was predicated upon the finding of the Chancellor that he had been "guilty of unprofessional conduct and dishonesty

in connection with'' certain material matters handled by him as a practicing attorney. That decree was affirmed by the Court of Appeals and *certiorari* denied by this court. The case is reported in the South Western Reporter, *Ingle* v. *Kivett*, Tenn. App., 201 S. W. (2d) 545.

The Quarterly Court of Claiborne County at its next regular session after the disbarment suit had been finally determined failed to elect a County Judge, probably on the theory that no vacancy existed. Thereupon, the Governor issued a commission appointing appellee Mason County Judge of Claiborne County on the theory that a vacancy did exist. Thereupon, Kivett instituted this suit for the purpose of having the appointment of Mason declared void and to prevent Mason from alleged interference with the exercise of his alleged right to the office. The answer of Mason filed as a cross-bill alleged the facts above stated and insisted that he, Mason, was County Judge by reason of those facts. Kivett declined to plead over after the overrulng of his demurrer challenging the legal conclusions of the cross-bill. Thereupon, the Chancellor decreed that Mason is entitled to the office as a matter of law under the admitted facts.

The case is here upon Kivett's appeal from this decree. He insists here, as he did by his demurrer, that the amendatory act of 1937 violates our Constitution in several respects in requiring that the person holding the office of County Judge of Claiborne County be ''a practicing attorney''; that, therefore, his disbarment did not create a vacancy in that office. If this is true, then the commission issued Mason to fill a vacancy which did not exist is of no validity.

The able and thorough brief submitted in behalf of Mason urges upon us the impropriety of this very important office being held by one whom our Courts has

562

disbarred by reason "of unprofessional conduct and dishonesty in connection with" his practice of law. It is equally as true that Courts must guard against falling into the error of permitting a hard case to result "in making bad law." If the amendatory act is prohibited by the Constitution, it must be stricken without regard to who may thereby be left the current occupant of the office.

It is the insistence of Mason that in the preparation of the Constitution it was naturally assumed by its authors and draftsmen that the judges of our courts would always be lawyers and that our Legislature by its subsequent enactments has demonstrated that it so interpreted the Constitution. It is true, as pointed out in brief, that two or more sections of the code in providing for the filling of vacancies in the office of a judge used the word "lawyer" or "attorney." We think, however, that the Constitution on its face furnishes affirmative evidence that its authors deliberately refrained from inserting a provision which would require that only lawyers be selected as judges of the Courts for which article 6 of the Constitution provides. Nowhere in article 6 or elsewhere in the Constitution, in so far as we have been able to find, is there any reference to lawyers in connection with who shall be the judges of our Courts. Section 11 of article 6 provides for the appointment of special judges of our Supreme Court in cases where the judges of that court are disqualified by reason of some specified interest in a particular suit. That provision is that the Governor "shall forthwith specially commission the requisite number of men *of law knowledge,* for the trial and determination thereof." The emphasis of the words "of law knowledge" is ours. We know as a part of the judicial history of our State that many able lawyers practiced in the Courts of Tennessee at the time the above quoted provi-

sion was written into our Constitution. Those who wrote this language necessarily well knew that fact. The words of the Constitution were chosen with great care. The very fact that in the above quotation the words chosen were that men ''of law knowledge'' rather than the word ''lawyers'' or ''attorneys'' necessarily forces the conclusion that those writing the Constitution deliberately refrained from the employment of those words, and thereby conclusively established it as a fact that it was intended to grant the right to select men other than lawyers, if it were so desired, to be judges of the courts for which article 6 provides.

Section 1 of article 6 creates a Supreme Court and then authorizes the Legislature to create such circuit, chancery and other inferior courts as it may deem advisable. A county court presided over by a county judge is one of these ''inferior courts,'' as so often held by this Court. *State ex rel.* v. *Link,* 172 Tenn. 258, 261, 111 S. W. (2d) 1024. After thus creating or providing for the creation of these courts, the draftsmen of our Constitution gave their attention to the method of selecting the judges who should preside over these ''inferior courts,'' and provided that method in section 4 of this article 6. It is this section, among others, of the Constitution which Kivett insists is violated by the 1937 Act requiring the County Judge of Claiborne County to be ''a practicing attorney.'' Section 4, article 6 provides:

''The Judges of the Circuit and Chancery Courts, and of other inferior courts, shall be elected by the qualified voters of the district or circuit to which they are to be assigned. Every Judge of such courts shall be thirty years of age, and shall, before his election, have been a resident of the State—five years, and of the circuit or district one year. His term of service shall be eight years.''

■ The language of this section clearly gives the voters the privilege of electing as judges of these inferior courts whoever they please, so long as the person they elect is not less than thirty years of age, and a resident of the state not less than five years, and of the circuit or district for which elected not less than one year. This privilege of the voters can neither be taken away nor abridged by the legislature, because it is a privilege given these voters by the Constitution.

■ By the amendatory act of 1937 the legislature undertakes to require the voters of Claiborne County to elect as their County Judge one of a particular group of persons selected by the legislature, that group being restricted to ''practicing lawyers'' of not less than thirty years of age and residents of the state and district, respectively, not less than five years and one year, respectively. This is an abridgment of this constitutional right given these voters to elect whomsoever they please as their County Judge, provided such person meets the age and residential qualifications required by the Constitution. If the legislature can limit the selection of the voters to a list composed only of practicing attorneys, then, by the same token, it can further abridge this constitutional privilege of the voters by limiting them to an election of one of a list of attorneys who have practiced for not less than such number of years as the legislature may desire to fix. This constitutional right given the voters of Claiborne County to elect whoever they please within the constitutional age and residential requirements cannot be thus abridged by the legislature. The rule applicable here is that approved by this Court quoting from Cooley's Constitutional Limitations thus:— ''Another rule of construction is, that when the constitution defines the circumstances under which a right may be

exercised . . . the specification is an implied prohibition against legislative interference to add to the condition". *Moore et ux.* v. *Love,* 171 Tenn. 682, 692, 107 S. W. (2d) 982, 985.

It is stated in the brief of appellee, but not argued, that since the amendatory act was in existence and was the law at the time Kivett took office he should not be heard to assert that this act is unconstitutional. The office of County Judge was not created by this unconstitutional amendatory act, but existed by reason of the act of 1929. It is only the amendatory act which is held unconstitutional.

By reason of our holding as hereinabove stated, it becomes unnecessary to consider the remaining assignments of error.

We are, therefore, of the opinion that Chapter 351 of the Private Acts of Tennessee of 1937 is unconstitutional and that, accordingly, no vacancy existed in the office of County Judge for Claiborne County and the commission of the Governor appointing appellee Mason to this office is ineffective and that the Chancellor erred in not so holding and in not sustaining the demurrer of appellant Kivett to the cross-bill, and in directing the writ of *mandamus* to issue requiring Kivett to surrender the office to Mason and in not decreeing that Kivett is the lawful occupant of that office.

Reversed and remanded for the entry of a decree in accordance herewith and adjudge all costs against appellee Mason.

All concur.