STATE *ex rel.* HAYWOOD *v.* SUPERINTENDENT,
DAVIDSON COUNTY WORKHOUSE.

(*Nashville*, December Term, 1952.)

Opinion filed March 6, 1953.

Rehearing denied June 5, 1953.

Z. T. Osborn, Jr., City Attorney, Benson Trimble, Assistant City Attorney, both of Nashville, for appellant.

Z. Alexander Looby, of Nashville, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The relator filed a petition for the writ of habeas corpus, seeking his discharge from the custody of the Superintendent of the Davidson County Workhouse upon the ground that the order committing and sentencing him to the said penal institution for 11 months and 29 days is void, the penalty being imposed by the Judge of the Juvenile and Domestic Relations Court. It is alleged in the petition that Article 51 of Chapter 246 of the Private Acts of 1947 (Charter of the City of Nashville) which provided for a "Juvenile and Domestic Relations Court" is in violation of Article 6, Section 1, of the Constitution of Tennessee.

Contention is made by the relator that the aforesaid provision of the Act is repugnant to the constitution for three reasons:

(1) "It delegates to the Mayor and City Council the power and duty to establish a Court '* * * all of the powers and jurisdiction conferred upon Juvenile Courts by law.'

(2) "It denies the people of the district or circuit in which the Court operates the right to elect the Judge.

(3) "It limits the choice of the people by imposing certain requirements not prescribed by the State constitution."

The trial judge sustained the petition and entered an order discharging the relator from custody, from which order defendant appealed and assigned the following errors:

(1) "The Trial Court erred in permitting the constitutionality of the Juvenile and Domestic Relations

Court in Nashville and Article 51 of Chapter 246 of the Private Acts of 1947 to be collaterally attacked in a habeas corpus proceedings as to its constitutionality.

(2) ''The Trial Court erred in holding that Article 51 of Chapter 246 of the Private Acts of 1947 was unconstitutional in that it violated Article 6, sections 1 and 4 of the Constitution of the State of Tennessee, said Act being constitutional in all respects.''

Article 51 provides ''That the Mayor and City Council shall by ordinance provide for a Juvenile and Domestic Relations Court.

''The Judge of said Court shall have been a member of the Bar of Tennessee for not less than seven (7) years and a resident of Davidson County for not less than two (2) years, and shall be appointed by the Mayor from a list of five (5) eligible names certified by the Nashville Bar Association. His salary shall be fixed by the City Council. The term of office of said Judge shall be the same as that of the Mayor making the appointment. In the event a vacancy should occur in said office by reason of death, resignation, removal, inability to serve, or any other reason, it shall be filled in like manner for the unexpired term. In case of his temporary absence, incompetency, or inability to serve in any case, said Judge shall designate some member of the Nashville Bar filling the qualifications above described, to act as Special Judge of said Court, during his said absence, incompetency or inability to serve, with all powers incident to the office of Judge of the Juvenile and Domestic Relations Court.

''The Mayor and City Council shall by ordinance provide for a Clerk of said Court, a staff of probation

officers, including a chief probation officer, investigators and other necessary employees, shall define the training and experience required for their qualification and shall fix their salaries. The Judge shall be empowered to appoint said Clerk, officers, and employees, subject to the approval of the Mayor. Said ordinance shall also set forth rules of procedure to be followed by said Court in the filing and hearing of complaints against dependent, delinquent and neglected juveniles, as well as rules governing all questions relating to their custody, probation and commitment, and generally such other rules as may be considered by said Council to be necessary or advisable for the aid, training, guidance and welfare of such dependent, delinquent and neglected juveniles.''

Other sections provide that the court is vested with jurisdiction to ''try and determine and render final judgment in all misdemeanor cases brought before said Court by warrant charging a violation of Section 11370 of the Code'', the same being a misdemeanor for any husband wilfully and without good cause to neglect or fail to provide for his wife according to his means, or leaves her destitute, etc., and for the neglect of children. Code Section 11379.

Article 6, Section 1 of the Constitution reads as follows:

''The judicial power of this State shall be vested in one Supreme Court, and in such Circuit, Chancery and other inferior courts as the Legislature shall, from time to time, ordain and establish, in the Judges thereof, and in Justices of the Peace. The Legislature may also vest such jurisdiction in Corporation Courts as may be deemed necessary. Courts to be holden by the Justices of the Peace may also be established.''

270

Article 6, Section 4, of the Constitution provides:

"The Judges of the Circuit and Chancery Courts, and of other inferior courts, shall be elected by the qualified voters of the district or circuit to which they are to be assigned. Every Judge of such courts shall be thirty years of age, and shall, before his election, have been a resident of the State five years, and of the circuit or district one year. His term of service shall be eight years."

■ We readily agree with the insistence that the Legislature may establish, as a part of the governmental machinery of a municipality, "a corporation court" with limited jurisdiction and which would not be a delegation of judicial power within the meaning of the Constitution, such as one imposing a penalty for what is commonly known as small offenses, i. e. the violation of municipal ordinances. The violation of such ordinances partakes more or less of a civil wrong. *Bristol* v. *Burrow,* 73 Tenn. 128; *Memphis* v. *Smythe,* 104 Tenn. 702, 58 S. W. 215; and numerous other cases cited in 3 Ency. Dig., Tenn. Rep., p. 566.

■ The court with which we are now dealing is not a "corporation" court, but is one which is authorized to enforce the criminal laws of the State affecting juveniles. It exercises judicial power and can have no legal existence unless erected by the Legislature pursuant to the provisions of the Constitution.

"The Constitution of Tennessee provides that the judicial power of the state shall be vested in one Supreme Court, and in such circuit, chancery, and other inferior courts as the Legislature shall from time to time ordain and establish. Article 6, § 1. This article vests all judicial power, and it is not necessary to cite authority for the proposition that the Legisla-

ture can neither add to nor take away from this grant of power." *In re Cumberland Power Co.,* 147 Tenn. 504, 506, 249 S. W. 818.

In the case at bar the statute herein assailed does not create the office of Juvenile and Domestic Relations Court but delegates to the Mayor and City Council of Nashville the authority to do so. It then proceeds to prescribe the qualifications of the Judge of said court, which are in direct conflict with Article 6, Section 4, of the Constitution in that no provision is made for the election of such judge "by the qualified voters of the district", etc. When the Legislature ordains and establishes "such circuit, chancery, and other inferior courts" it cannot be doubted but that the judges of such courts must be elected by the qualified voters of the district over which the courts have jurisdiction.

In speaking of this right of election by qualified voters, it was said in *Kivett* v. *Mason,* 185 Tenn. 558, 564, 206 S. W. (2d) 789, 792, that this right cannot be abridged by the Legislature. "The rule applicable here is that approved by this Court quoting from Cooley's Constitutional Limitations thus:—'Another rule of construction is, that when the constitution defines the circumstances under which a right may be exercised * * * the specification is an implied prohibition against legislative interference to add to the condition'. *Moore et ux.* v. *Love,* 171 Tenn. 682, 692, 107 S. W. (2d) 982, 985."

█ In the case before us the Juvenile and Domestic Relations Court is empowered to "exercise all of the powers and jurisdiction conferred upon Juvenile Courts by law." The Act further provides, "He shall also have such other powers and duties as may be assigned from time to time by ordinance." It thus appears that the court is not only one that is not erected by the Legislature

with its jurisdiction fixed and determined, but its existence results from the delegation of legislative authority to a municipality in plain violation of the Constitution of Tennessee.

The case of *Gregory* v. *City of Memphis*, 157 Tenn. 68, 6 S. W. (2d) 332, relied on by appellant has no application to the question raised on this appeal.

The provision in the Act which confers upon the court "all of the powers and jurisdiction conferred upon Juvenile Courts *by law*" is an abortive attempt to give it a county-wide jurisdiction as provided by the Juvenile Court Act of 1911, without requiring an election of the judge by the qualified voters of Davidson County. It seeks by indirection to vest the court with jurisdiction to enforce State laws, and otherwise makes it a misdemeanor for any Justice of the Peace of Davidson County to take any action in any case concerning any infant (a person under 17 years old) other than to bind said infant over to the Juvenile Court. Moreover it plainly appears from a casual reading of the Act that the Mayor and City Council have attempted to create a court with far greater power than those constitutionally created by the Legislature. Such a court under our Constitution can have no legal existence and its judgments are void.

■ ■ There is no merit in the contention that the petition of relator should be dismissed because it is a collateral attack upon the Charter of Nashville. In *Lynch* v. *State ex rel. Killebrew*, 179 Tenn. 339, 166 S. W. (2d) 397, 398, it is said: "When the judgment is void, the remedy under it is by habeas corpus. * * * 'When the restraint, from which relief is sought by a writ of habeas corpus, proceeds from a judgment erroneous but not void, the writ will not lie. * * * But where the sentence is void, not merely voidable, or the term of imprison-

ment under it has expired, relief may be had by the writ' ".

This is not a collateral attack upon the statute, but is a direct attack and is the only remedy available to the relator from a judgment that is wholly void.

The assignments of error are overruled, and the judgment of the trial court is affirmed.