**STATE of Tennessee, ex rel. Michael D. NEWSOM, Petitioner,**

v.

**Warren ROBERTS and Captain Sikes, Defendants.**

No. 02C01–9303–CC–00041, Madison Co.

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 30, 1993.

Permission to Appeal Denied by Supreme Court May 23, 1994.

Rehearing Denied Feb. 14, 1994.

Hughie Ragan, Jackson, for petitioner.

Charles W. Burson, Atty. Gen., Joel W. Perry, Asst. Atty. Gen., Nashville, for defendants.

F. LLOYD TATUM, Special Judge.

This is an appeal by Michael D. Newsom from a judgment denying habeas corpus relief.

In seven issues, the appellant insists: (a) that the Trial Court erred in denying habeas corpus relief and post-conviction relief; (b) the Trial Court erred in permitting the respondents to plead orally to the petition instead of filing a written answer under oath; (c) the Trial Court erred in denying the appellant's Motion to Amend the petition to show that the appellant was incarcerated upon an unlawful conviction of shoplifting; and, (d) the Trial Court erred in failing to allow an instantersubpoena for the City Judge and City Court Clerk of Jackson. Upon consideration of the record, we conclude that the judgment must be reversed and the case remanded for a new trial.

The petition alleges that the appellant was incarcerated illegally in the Madison County Workhouse on a judgment of the City Judge of the City of Jackson, Tennessee, directing his incarceration for failure to pay accumulated fine and costs for a driving while intoxicated conviction and a conviction for driving on revoked license. The petition alleges that the appellant was not afforded a hearing before being sentenced.

The petition also charges that the City Judge was not elected in compliance with Tennessee Constitution Article VI, Section 4; the Clerk of the City Court who issued process was not elected in accord with Article VI, Section 13 of the Tennessee Constitution; the appellant was not advised as to his right to counsel and was not furnished counsel to represent him before being sentenced for failure of paying the fine and costs and was not given an opportunity to contact an attorney. The petition prays for habeas corpus relief.

The hearing on the petition was had on the same day the petition was filed and the Writ of Habeas Corpus issued. The attorney for the appellant had arranged for the Assistant District Attorney and the respondents to appear in court on the day of the hearing. The appellant was also present. In open court, the petition was filed on December 30, 1992, the Writ issued and served by the Trial Judge while all the parties were in the courtroom for the hearing. One minute after the writ was served, appellant's counsel moved that judgment be entered for appellant because the respondents had not filed an answer under oath and in writing as required by T.C.A. Sec. 29–21–116. The Trial Judge offered to reset the matter to give the respondents time to answer, but the appellant's attorney insisted upon a trial immediately since his client was incarcerated. The Trial Judge then permitted the Assistant District Attorney to orally deny all of the allegations in the petition instead of filing a sworn written response.

The evidence revealed that the appellant was incarcerated in the Madison County Workhouse by virtue of a mittimus issued by City Judge Walter C. Drake on December 11, 1992 after being convicted of shoplifting. He had finished serving a sentence of 12 days on a conviction for driving on a revoked license, second offense. It does not appear that the appellant was incarcerated at any time for failure to pay fine and costs as alleged in the petition.

On cross-examination, without objection, the warden of the Madison County Workhouse testified that the City Judge of Jackson, Tennessee was elected for a term of 4 years. This was the only evidence concerning the selection, tenure, and qualification of the City Judge. No attempt was made to present the City Charter to the Trial Judge to enable him to make an accurate determination as to the qualifications, method of selection, and tenure of the City Judge and Clerk of Jackson.

The appellant testified that he entered a guilty plea in the City Court to a shoplifting charge. As we understand the appellant's testimony, the District Attorney General recommended to the City Court that the appellant be sentenced to the County Workhouse for 11 months and 29 days on the shoplifting charge because the appellant had not made payments on fines and costs imposed on the vehicular charges. In another part of the appellant's testimony, he testified that after pleading guilty to shoplifting, he was not sentenced on the shoplifting charge but was sentenced only for the unpaid fines. The appellant did not have a lawyer because he did not think he needed one.

During the course of the proceeding, a court officer telephoned the City Judge who was willing to come to court and testify. When the Trial Judge asked appellant's attorney if he wanted the City Judge to appear as a witness, counsel responded, "I don't care whether Judge Drake comes or not." Counsel stated that he wanted a clerk with whom he had talked to come to court but counsel did not know the name of the clerk.

The appellant's mother testified that she telephoned someone at City Court and inquired the reason for the appellant's sentence and was told that he was incarcerated for non-payment of fine. This telephone call was made within ten days after the appellant was taken to the courthouse.

Appellant's attorney testified that within ten days after the appellant was incarcerated, he went to City Court and inquired of the clerk the reason for appellant's incarceration and was told that he was sentenced for not paying an old fine. Counsel testified that he had been told something by the appellant with regard to the shoplifting charge.

Counsel moved that he be permitted to amend the petition for habeas corpus by alleging that the appellant was incarcerated on a conviction for shoplifting. The Motion to Amend was denied.

The Trial Court denied habeas corpus but stated that he was not "in any way disposing of anything with regard to Judge Drake being elected or not elected ..." He held that this matter should be considered on post-conviction relief and offered to afford a hearing in the near future.

■ Apparently, it is the appellant's contention that the City Court of Jackson has acted without judicial power to do so. We agree that the shoplifting conviction was an exercise of judicial power of an "inferior court" as defined by Article VI, Section 1, of the Tennessee Constitution. Before a municipal court can act as an "inferior court", the judge's qualification, tenure, and method of selection must conform to the requirements of Article VI, Section 4 of the Tennessee Constitution. *Town of South Carthage v. Barrett,* 840 S.W.2d 895 (Tenn.1992); *State ex rel. Haywood v. Superintendent, Davidson County Workhouse,* 195 Tenn. 265, 259 S.W.2d 159 (1953). Article VI of the State Constitution provides as follows:

**Sec. 4. Judges of inferior courts.—** The Judges of the Circuit and Chancery Courts, and of other inferior Courts, shall be elected by the qualified voters of the district or circuit to which they are to be assigned. Every Judge of such Courts shall be thirty years of age, and shall before his election, have been a resident of the State for five years and of the circuit or district one year. His term of service shall be eight years.

■ The judgment of a court entertaining jurisdiction of a State Court, must meet the constitutional requirements of an "inferior court" as set out by Article VI, Section 4 of the Tennessee Constitution. If the judge of such court does not meet these constitutional requirements, the judgments rendered by said court are void and not merely voidable. The Writ of Habeas Corpus is a proper

remedy to attack the validity of a judgment of conviction rendered by such City Court that does not meet the aforesaid constitutional requirements. *See Haywood v. Superintendent, Davidson County Workhouse, supra.*

■ The Trial Judge dismissed the habeas corpus petition because the judgment was valid on its face. However, the judgment was rendered and signed by the City Judge at Jackson. If this judge did not have constitutional authority to act as City Judge, the judgment is not valid on its face; it is void on its face. *Haywood v. Superintendent, supra.*

As previously stated, the Trial Court did not decide the question as to whether the City Court of Jackson met the constitutional requirements of an "inferior" court. We hold that the Trial Court erred in denying habeas corpus without first deciding this constitutional question. We must therefore reverse the judgment denying habeas corpus and remand to the Trial Court for consideration and determination of the constitutional issue presented.

■ The appellant also presents issue that the City Court Clerk was not elected in compliance with Article VI, Section 13, Constitution of Tennessee. The evidence does not reveal that the clerk issued summons and the manner of his selection is not shown. This issue has no merit.

The Trial Court should be furnished with the City Charter and all other legislative enactments concerning the qualifications, manner of election, and terms of office of the City Judge and Clerk. It is only with this information that he can accurately and competently determine the constitutionality of legislation vesting the City Court with "inferior court" jurisdiction. We assume that before the Remand Hearing, counsel for both parties will have time and opportunity to make appropriate motions to amend and file proper answers in accordance with the habeas corpus statutes. The Trial Judge may adjourn from time to time in order to properly administer justice in this case. T.C.A. Sec. 29–21–119. If necessary to decide all of the issues, the Trial Judge may also treat the petition as a petition for post-conviction relief. T.C.A. Sec. 40–30–108.

■ We do not think that the issues regarding the failure of respondent's counsel to file a sworn written answer has merit. Appellant's counsel made the motion instantly after the writ was served on the respondents and insisted on a hearing before respondents could prepare an answer. The appellant's counsel was responsible for the error and refused the offer of the court to delay the case so as to enable respondents to prepare and file a written answer. *See* Rule 36(a), Tennessee Rules of Appellate Procedure.

■ We do not think that the issue alleging error for failure to subpoena the City Judge and City Clerk has merit. As stated, counsel informed the Trial Judge that he did not care whether the City Judge came to court or not. There is no showing that the City Clerk issued any process or had any other knowledge of this case. Counsel was not sure as to which of the clerks he wanted to testify.

The Trial Judge did not decide whether the appellant was entitled to post-conviction relief or whether he was informed of his right to counsel and other required warnings. His Honor informed counsel that these matters would be heard the following week, but no hearing was held on these questions. The final judgment recited that the appellant was granted leave to file a petition for post-conviction relief. These matters can be heard and determined on remand.

We think that the issue prompting our remand is dispositive of this case. It is not likely that the other matters complained of will arise upon the rehearing.

As stated, at appellant's insistence, this case was heard immediately when the petition was filed. While dispatch in disposing of habeas corpus petitions is lauded, time must be taken to adequately prepare these cases and procure evidence for the trial court to consider.

Reversed and Remanded.

BIRCH and WADE, JJ., concur.