# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 13, 2024 Session

## MALLORY SANDRIDGE, NEXT OF KIN TO DEBORAH SANDRIDGE, DECEASED v. HOLLYWOOD HENDERSON, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-4111-19     Damita J. Dandridge, Judge**

_____

### No. W2024-00242-COA-R10-CV

_____

This case arises from a car wreck. Following the accident, the at-fault driver was issued several citations for various violations of the City of Memphis traffic laws. The trial court denied Appellant's motion for summary judgment, finding that Appellee's lawsuit was not time barred. In so ruling, the trial court held that the citations given to the at-fault driver were criminal in nature and, thus, triggered the filing extension contemplated in Tennessee Code Annotated section 28-3-104(a)(2)(A). We granted this interlocutory appeal under Tennessee Rule of Appellate Procedure 10. Because the citations in this case were civil in nature, we conclude that the two-year statute of limitations is not applicable, and Appellee's lawsuit is time-barred. We reverse the trial court's order and remand for entry of an order granting Appellant's motion for summary judgment.

### Tenn. R. App. P. 10 Appeal by Permission; Judgment of the Circuit Court Reversed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Ryan Nelson Clark, John Randolph Bibb, Jr., and Jason Ryan Hodge, Nashville, Tennessee, for the appellant, Ford Motor Company.

R. Christopher Gilreath and Sidney W. Gilreath, Nashville, Tennessee, and Brian G. Brooks (pro hac vice), Greenbrier, Arkansas, for the appellee, Mallory Sandridge, Next of Kin to Deborah Sandridge Deceased.

# OPINION

## I. Background

On October 22, 2017, Deborah Sandridge ("Decedent") and her daughter Mallory Sandridge ("Appellee") were involved in a car accident. At the time, Decedent was driving a recently purchased 2017 Ford Focus. Mallory was riding in the front passenger seat. When Decedent stopped at a traffic light, Hollywood Henderson failed to stop his vehicle and drove into the back of the Sandridge vehicle. While Mallory received only minor physical injuries, Decedent suffered quadriplegic, paralyzing injuries. Despite hospitalization and rehabilitation, Decedent was never able to function without 24-hour care. She died on May 26, 2020.

Immediately following the accident, Mr. Henderson was issued several citations for various violations of the Memphis City Code of Ordinances traffic laws; these citations included no driver's license, failure to maintain proper control, and failure to show financial responsibility. Mr. Henderson was arrested on the scene and taken to jail for outstanding warrants stemming from previously issued, unpaid citations.

On September 19, 2019, more than one year after the accident, Appellee filed suit against Mr. Henderson; an amended complaint was filed later. Mr. Henderson answered the complaint, asserting, as an affirmative defense, that Appellant Ford Motor Company ("Ford") bore some fault for Decedent's death due to a defective driver's seat used by Ford in its 2017 Focus, *i.e.*, the car Decedent drove. On December 3, 2021, Appellee filed a second amended complaint, wherein she first named Ford as a defendant. Ford moved for summary judgment, arguing that Appellee's claims were untimely.

On January 25, 2024, the trial court entered an order denying Ford's motion for summary judgment. In relevant part, the trial court held:

> 1. The parties agree that the pivotal question is, were the citations given to Defendant Hollywood Henderson for violations of Memphis municipal traffic laws criminal charges or civil violations? The Court holds that the charges were substantively criminal. That is the only conclusion that can be reached given the holdings of *Waller v. Florida*, 397 U.S. 387 (1970), *Metropolitan Government of Nashville & Davidson County v. Miles*, 524 S.W.2d 656 (Tenn. 1975), and *Metro. Gvt. of Nashville v. Dreher*, 2021 Tenn. App. LEXIS 97 (Tenn. Ct, App. 2021).
> 2. Because the charges were criminal charges, Tenn. Code Ann. § 28-3-104(a)(2)'s two-year limitations period applies to the causes of action against Henderson, and suit was timely filed against Henderson.
> 3. And, because Plaintiff filed suit against Ford within 90 days of the time Henderson alleged comparative fault against Ford, the suit against Ford is

timely. Tenn. Code Ann. § 20-1-119.

4. To tie up loose ends, the Court holds that the issuance of the citations to Henderson was the commencement of a criminal prosecution by a law enforcement officer within one year of the incident that arises from the same conduct, transaction, or occurrence giving rise to this suit.

Ford filed for interlocutory appeal under Tennessee Rule of Appellate Procedure 10, and this Court granted the appeal by order of April 4, 2024.

## II. Issue

We certified the following question for review: "Whether Plaintiff's action against Ford Motor Company is time-barred pursuant to Tennessee Code Annotated 28-3-104."

## III. Standard of Review

A trial court's decision to grant or deny a motion for summary judgment presents a question of law. Therefore, our review is de novo with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W. 2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that all requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Green v. Green*, 293 S.W.3d 493, 514 (Tenn. 2009). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. For summary-judgment purposes, a disputed fact is "material" if it must be decided in order to resolve the substantive claim or defense at which the motion is directed. *Id*. The Tennessee Supreme Court has explained that when the party moving for summary judgment does not bear the burden of proof at trial, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim, or (2) by demonstrating that the nonmoving party's evidence at the summary-judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015) (italics omitted). Furthermore,

"[w]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, [*Ltd. v. Zenith Radio Corp.*], 475 U.S. [574,] 586, 106 S. Ct. 1348

[(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265.

## IV. Analysis

Tennessee Code Annotated section 28-3-104 provides, in relevant part:

(a)(1) Except as provided in subdivision (a)(2), the following actions shall be commenced within one (1) year after the cause of action accrued:

(3)  Actions for . . . injuries to the person . . .

***

(2) A cause of action listed in subdivision (a)(1) shall be commenced within two (2) years after the cause of action accrued, if:

(A) Criminal charges are brought against any person alleged to have caused or contributed to the injury . . . .
(B) The conduct, transaction, or occurrence that gives rise to the cause of action for civil damages is the subject of a criminal prosecution commenced within one (1) year. . . and

***

(C) The cause of action is brought by the person injured by the criminal conduct against the party prosecuted for such conduct.

(3) This subsection (a) shall be strictly construed.

The material facts are not disputed.  The sole question is whether Appellee's lawsuit is time-barred.  As noted in the trial court's order, the issue rests on whether the citations issued to Mr. Henderson for violations of the Memphis City Code of Ordinances were criminal or civil charges.  If criminal in nature, the statute-of- limitations extension set out at Tennessee Code Annotated section 28-3-104(a)(2), *supra*, applies, and Appellee's lawsuit is not time-barred.  However, if the citations are civil in nature, the extension is not triggered, and Appellee's lawsuit is time-barred.  Before turning to the relevant case law, we note that the fact Mr. Henderson was arrested following the accident is not dispositive.  It is undisputed that he was arrested for outstanding warrants having nothing to do with the accident at issue here.  Our focus is on the citations Mr. Henderson received as a direct

result of his accident with Appellee and the Decedent.

Following the accident, Mr. Henderson was issued three citations for the following violations of Title 11 of the Memphis City Code of Ordinances: (1) No driver's license, 11-16-1; (2) financial responsibility, 11-8-10; and (3) failure to maintain proper control, 11-16-2. In finding that these citations were criminal in nature, the trial court relied on *Waller v. Florida*, 397 U.S. 387 (1970),[1] *Metropolitan Government of Nashville & Davidson Cty. v. Miles,* 524 S.W.2d 656 (Tenn. 1975), and *Metropolitan Government of Nashville & Davidson County v. Dreher*, No. M2020-635-COA-R3-CV, 2021 WL 942872 (Tenn. Ct. App. Mar. 12, 2021). On appeal, Appellee cites these same cases for the proposition that the citations issued to Mr. Henderson were civil. We have reviewed these cases and conclude that they are distinguishable from the instant appeal. Specifically, the cited cases do not address the Tennessee statute of limitations for personal injuries; rather, they involve the scope of double-jeopardy protections afforded under the federal and Tennessee Constitutions.

Appellee primarily relies on *Miles*, wherein the Tennessee Supreme Court address the violation of a city ordinance in the context of double jeopardy. In that context, the Tennessee Supreme Court held

> that a proceeding in a municipal court for the imposition of a fine upon a person for allegedly violating a city ordinance is criminal rather than civil in substance, in that, it seeks punishment to vindicate public justice and, therefore, constitutes jeopardy under the double jeopardy clauses of the Tennessee and Federal Constitutions, and, consequently, the alleged offender, whether acquitted or convicted, cannot again be tried for the same offense in a state trial court of general jurisdiction over the timely objection of the defendant.

524 S.W.2d at 660. The holding in *Miles* applied only to the question of double jeopardy, and that holding was later clarified in the Tennessee Supreme Court opinion *Metropolitan Gov't of Nashville & Davidson Cty. v. Allen*, 529 S.W.2d 699 (Tenn. 1975), where the Court explained:

> This is what we actually held [in *Miles*]. We cited *State v. Jackson*, [503 S.W.2d 185 (Tenn.1973),] . . . which was a double jeopardy case holding that the constitutional protection against double jeopardy is applicable to all proceedings "whether they are denominated criminal or civil, if the outcome may be deprivation of liberty of the person," and that "the test must be the

---

[1] *Waller* did not address the question of whether a violation of a city ordinance is civil or criminal in nature. Instead, *Waller* held that municipalities are not "separate sovereigns" for purposes of double jeopardy. *Waller*, 397 U.S. at 387, 391-95. As such, *Waller* is not controlling here.

nature and the essence of the proceeding rather than its title."

When examined in the light of the foregoing, there is no conflict . . . [that] [p]rocedurally, cases involving violation of city ordinances continue to be civil in nature. *Bristol v. Burrow*, 73 Tenn. 128 (1880) and *Deitch v. Chattanooga*, 195 Tenn. 245, 258 S.W.2d 776 (1953). They are in the nature of an action for debt. *Memphis v. Smythe*, 104 Tenn. 702, 58 S.W. 215 (1900). They are not criminal prosecutions, but are merely penal actions having as their object the vindication of domestic regulations. *Guidi v. Memphis*, 196 Tenn. 13, 263 S.W.2d 532 (1953). They are governed by rules in civil cases including the right to retrial on appeal to the circuit court where the matter will be heard de novo. . . . An appeal for the violation of a municipal ordinance is a civil action, triable de novo in the circuit court in precisely the same manner and under the same procedural rules as those governing tort actions instituted in the General Sessions Courts, to include the right to a jury trial. But, as held in *Miles*, the rules of double jeopardy apply to preclude an appeal from a judgment of acquittal. This seemingly incongruous result is mandated by the holding of the Supreme Court of the United States in *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), and is supported by other cases cited in *Miles*.

In *Dreher*, this Court reaffirmed the basic holding in *Miles*. In so doing, we examined some of the cases decided after *Miles* and specifically explained:

In 1990, the Tennessee Supreme Court thoroughly examined the caselaw on the subject and further confirmed the holding in *Miles*, stating,

In summary, for 130 years proceedings to recover fines for the violation of municipal ordinances have been considered civil for the *purposes of procedure and appeal*, although the principles of double jeopardy have recently been determined to apply in such cases. *See Miles*, *supra*; *cf*. *United States v. Halper*, 490 U.S. 435, 109 S. Ct. 1892, 104 L.Ed.2d 487 (1989) (discussing under what circumstances a civil penalty constitutes "punishment" for the purposes of double jeopardy analysis).

*City of Chattanooga v. Myers*, 787 S.W.2d 921, 928 (Tenn. 1990) (emphasis added).

More recently, the Tennessee Supreme Court discussed *Miles* in a different context in *City of Chattanooga v. Davis*, 54 S.W.3d 248 (Tenn. 2001). *Davis* was a case involving the Fifty-Dollar Fines Clause, not double jeopardy. *Id*. at 252. Because the Fifty-Dollar Fines Clause makes "a

- 6 -

substantive distinction between punitive and non-punitive assessments" and does not apply "when the assessment is not punitive in nature," a question had arisen as to whether the Fifty-Dollar Fines Clause applied to monetary sanctions imposed for the violation of a municipal ordinance. *Id*. at 259. The Supreme Court acknowledged that "even a brief review of the case law reveals, much ink has been spilled, in literally scores of cases, to delineate the precise nature and object of municipal court proceedings." *Id*. The court noted,

> Since our decision in *City of Chattanooga v. Myers*, 787 S.W.2d 921 (Tenn. 1990), the law now appears settled that proceedings for a municipal ordinance violation are civil in nature, at least in terms of technical application of procedure and for pursuing avenues of appeal. Outside technical procedure and appeal, however, substantial conflict may still be found as to the characterization of the substantive nature of the proceeding. Indeed, depending upon the precise issue before the particular court, proceedings for a municipal ordinance violation have been described as "civil in character," *City of Memphis v. Smythe*, 104 Tenn. 702, 703, 58 S.W. 215, 215 (1900); as "- 7 -artake[ing] more or less of a civil wrong," *Hill v. State ex rel. Phillips*, 216 Tenn. 503, 507, 392 S.W.2d 950, 952 (1965); as "partly criminal," *O'Haver v. Montgomery*, 120 Tenn. 448, 460, 111 S.W. 449, 452 (1908); and as "criminal rather than civil in substance," *Metropolitan Gov't v. Miles*, 524 S.W.2d 656, 660 (Tenn. 1975).

*Id*. at 259-60. The court explained that "civil proceedings may impose sanctions that are 'so punitive in form and effect' as to trigger constitutional protections." *Id*. at 261 (citing *Stuart v. State Dept. of Safety*, 963 S.W.2d 28, 33 (Tenn. 1998)). Elaborating on *Miles*, the court added,

> Indeed, in the specific context of a "civil" proceeding for a municipal ordinance violation, this Court has held that the imposition of a pecuniary sanction triggers the protections of the double jeopardy clause to prevent a second "punishment" in the state courts for the same offense. *See Miles*, 524 S.W.2d at 660 ("We hold that the imposition of a fine is punishment." (emphasis in original)).

*Id*. In a footnote, the court recognized that there was "some confusion as to the import of *Miles*" after *Allen* had described its language as overbroad. *Id.* at 261 n.14. However, the court reiterated that *Miles* "continues to represent

- 7 -

an accurate statement of the law." *Id*.

*Dreher*, 2021 WL 942872, at *4-*5.  Accordingly, the cases cited by the trial court and relied upon by the Appellee are not applicable insofar as they do not address the nature of city-ordinance violations in the context of the applicable statute of limitations.  However, two recent opinions do address this question, and we conclude that these cases are dispositive here.

First, in *Glover v. Duckhorn*, No. W2022-00697-COA-R3-CV, 2023 WL 3193204, *3 (Tenn. Ct. App. May 2, 2023), we addressed the same issue that is raised in this appeal and held that issuance and enforcement of a municipal citation for violation of an ordinance does not trigger the two-year limitations period in Tennessee Code Annotated section 28-3-104(a)(2). In *Peterson v. Carey*, No. E2022-011656-COA-R3-CV, 2023 WL 6974011 (Tenn. Ct. App. Oct. 23, 2023), we upheld the holding in *Glover*.  These cases are controlling in this appeal.[2]

In *Glover*, appellant was cited for violation of Memphis City Code of Ordinances section 11-16-3 (failure to maintain a safe lookout). *Glover*, 2023 WL 319204, at *4. We reiterated the distinction between a proceeding to enforce a municipal ordinance and a criminal prosecution, explaining that "Tennessee courts have consistently held that municipal ordinance violations are civil matters and that violations of state statutes are criminal matters." *Id*. In so holding, the *Glover* Court distinguished an earlier case, *Younger v. Okbahhanes*, 632 S.W.3d 531 (Tenn. Ct. App. 2021), wherein this Court addressed whether section 28-3-104(a)(2) could be triggered by traffic citations and held that it could. *Younger*. 632 S.W.3d at 535-537. However, the *Younger* case, unlike the instant appeal, involved violations of state traffic statutes codified in Title 55 Chapter 8 of the Tennessee Code Annotated, which violations are statutorily designated as Class C misdemeanors. *Id*. at 536; Tenn. Code Ann. § 55-8-103. By contrast, the *Glover* Court recognized longstanding precedent that municipal citations and enforcement proceedings are civil only, not criminal. *Glover*, 2023 WL 3193204, at *4. Indeed, although municipal ordinances may mirror, duplicate, or cross-reference state criminal or traffic statutes, the two are not interchangeable. *City of La Vergne v. Randall T. LeQuire*, No. M2016-00028-COA-R3-CV, 2016 WL 6124117, at *3, *5 (Tenn. Ct. App. Oct. 19, 2016).  Applying these principles while "strictly constru[ing]" section 28-3-104(a)(2), as that statute instructs, the *Glover* Court held that traffic citations (such as those Mr. Henderson received) do not fall within the "limited [statutory] exception" so as to trigger the two-year limitations period. *Glover*, 2023 WL 3193204, at *5; *Peterson*, 2023 WL 6974011, at *4-5 (quoting and following *Glover*). The same is true here.  The citations issued to Mr. Henderson are civil in nature and do not trigger the statute of limitations extension set out at Tennessee Code

---

[2] To the extent Appellee argues that *Glover* and *Peterson* are not relevant because they are unpublished opinions, the argument is unpersuasive.  This Court often cites unpublished opinions in support of its analysis.

Annotated section 28-3-104(a)(2). As such, Appellee's lawsuit is time-barred as it was filed more than one year after the accident.

## V. Conclusion

For the foregoing reasons, the trial court's order is reversed, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion, including, but not limited to, entry of an order granting Appellant's motion for summary judgment. Costs of the appeal are assessed to the Appellee, Mallory Sandridge. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE