FILED
02/20/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 17, 2019 Session

## CITY OF MCMINNVILLE v. STEVEN ERICH HUBBARD

**Appeal from the Circuit Court for Warren County**
**No. 2017-CV-768    Larry B. Stanley, Jr., Judge**

_____

### No. M2018-00223-CCA-R3-CO

_____

Defendant, Steven Erich Hubbard, appeals from his conviction for failure to obey a stop sign in violation of a municipal ordinance. Because such appeals are considered civil in nature, we are without subject matter jurisdiction to hear this appeal. Therefore, pursuant to Tennessee Rule of Appellate Procedure 17, we transfer the case to the Tennessee Court of Appeals for further adjudication.

**Tenn. R. App. P. 3 Appeal as of Right; Case Transferred to the Tennessee Court of Appeals**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Michael J. Rocco, Sparta, Tennessee (on appeal), and Steven Erich Hubbard, McMinnville, Tennessee, Pro Se (at trial), for the appellant, Steven Erich Hubbard.

Daniel H. Rader IV, Cookeville, Tennessee, for the appellee, City of McMinnville.

### OPINION

*Procedural History*

On July 28, 2017, Defendant ran a stop sign at the intersection of Old Smithville Road and Bybee Branch Road and was issued a citation by McMinnville City Police Officer Mark Mara. On the citation, the box for "STOP SIGN" is checked in the section for designating the violation, but the boxes labeled "T.C.A." and "ORDINANCE" are

both blank. The citation commands Defendant to appear in the Municipal Court of McMinnville ("City Court") on August 21, 2017.[1]

Prior to his court date, Defendant filed a federal lawsuit against Officer Mara and the City of McMinnville, sent an email requesting that the City Court judge recuse himself because he was "controlled" by the mayor and police chief, and left a letter requesting a continuance in the City Court drop box over the weekend prior to his Monday court date.[2] Defendant failed to appear in City Court on August 21, 2017. The City Court judge filed an order on August 28, 2017, denying Defendant's motions to recuse and for a continuance, finding Defendant guilty of "failure to adhere to a stop sign" in violation of Municipal Ordinance 15-117, and assessing a fine of $50 and court costs.

On August 22, 2017, Defendant filed a notice of appeal to the Circuit Court for Warren County ("Circuit Court"). Both the case style and the heading of the notice included a request for a jury trial. On September 12, 2017, the Circuit Court conducted a de novo bench trial. Defendant, who was present and acting pro se, did not object or ever mention his previous request for a jury trial and participated in the bench trial by cross-examining the sole witness, Officer Mara. Officer Mara testified that Defendant did not come to a complete stop before turning right from Bybee Branch Road onto Old Smithville Road.[3] During his cross-examination of the officer, Defendant noted that the traffic citation did not contain a "citation to whatever statute it goes to." At the conclusion of the bench trial, the Circuit Court found that "it's clear that there was a violation of the stop sign ordinance there" and imposed a $50 fine and court costs. On September 26, 2017, the Circuit Court filed a written judgment order[4] finding that "the offense is properly designated in the citation" and that it was "clear that the citation is for violating the City ordinance requiring drivers to adhere to the stop signs."

On September 15, 2017, Defendant filed a Motion for New Trial pursuant to Tennessee Rule of Civil Procedure 59.07, asserting that the Circuit Court erred by failing

---

[1] The citation also has boxes that can be checked to command the cited individual to appear in Juvenile Court or General Sessions Court of Warren County.

[2] This information is gleaned from the City Court's order filed on August 28, 2017. None of these documents, or any other pleadings referred to in Defendant's appellate brief, are contained in the record on appeal.

[3] The video from Officer Mara's vehicle was entered as an exhibit at the bench trial but was not included in the record on appeal.

[4] The certificate of service indicated that the order was served upon Defendant on September 13, 2017.

to conduct a jury trial. On the same day, Defendant also filed a Motion to Alter and/or Amend Judgment pursuant to Tennessee Rule of Civil Procedure 59.04, asserting that the Circuit Court should "find[] the Defendant . . . not guilty of Municipal Ordinance 15-117" because the citation was unconstitutionally vague for failing to indicate whether Defendant was being cited for a violation of state statute or municipal ordinance.[5] Rather than a file stamp, the Motion to Alter and/or Amend Judgment has a handwritten notation that it is a "Duplicate Filing." Both motions include a "NOTICE OF HEARING" on the first page where Defendant himself set the matter for a hearing on October 10, 2017, at 9:00 a.m.

Defendant failed to appear for the hearing he set on October 10, 2017. On November 15, 2017, the Circuit Court filed an Order on Motion to Alter and/or Amend. The Circuit Court found that Defendant "has waived his claims set forth in the Motion" and that "its original Judgment entered in this cause is proper and correct in all respects." Though the order states that Defendant's Motion to Alter and/or Amend was denied, it does not specifically mention Defendant's Motion for New Trial.

On February 6, 2018, Defendant filed a Motion for Relief of Judgment pursuant to Tennessee Rule of Civil Procedure 60.02. In this motion, Defendant indicated that he did not appear to argue his post-trial motions because he believed that this case was subject to a stay related to his bankruptcy proceedings, that he did not receive a copy of the proposed order finding him guilty of failure to obey a traffic signal until December 2017, and that he did not believe that the "traffic civil misdemeanor" would be reported to the Tennessee Department of Safety. Defendant subsequently withdrew this motion as moot due to the filing of his Notice of Appeal.

On February 8, 2018, Defendant filed a Notice of Appeal to this Court and requested the appointment of counsel. On remand from this Court, the Circuit Court appointed counsel to represent Defendant on appeal. On February 16, 2018, the City of McMinnville filed a motion to dismiss the appeal as untimely. After several responsive pleadings filed by each party, this Court ultimately determined that the motion to dismiss should be "denied at this time" so that the matter could be fully briefed and reviewed by a full panel of this Court.

---

[5] The Motion to Alter and/or Amend Judgment is not contained in the record on appeal, but a copy is attached as an exhibit to the City of McMinnville's appellate brief. Typically, documents that are merely attached to appellate briefs cannot be considered by this Court because they are not properly part of the certified record. *See Jeffrey Lynn Myers v. State*, No. M2004-02411-CCA-MR3-PC, 2005 WL 1541870, at *5 n.7 (Tenn. Crim. App. June 29, 2005) (citing *State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990)), *no perm. app. filed*. Because we need not consider the substance of this motion in our resolution of this appeal, we merely refer to it as part of the procedural history of the case. We also note that the copy of the motion attached to the City of McMinnville's brief includes a certification from the Warren County Circuit Court Clerk that it is a true and correct copy of the original.

*Analysis*

On appeal, Defendant's primary arguments are that the traffic citation was unconstitutionally vague for failing to indicate whether he was charged with violating a state statute or municipal ordinance and that the Circuit Court violated his right to a jury trial. Before we can reach the substance of those issues, we must first determine whether this Court has jurisdiction to hear this case. *See* Tenn. R. App. P. 13(b) ("The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review[.]"). The City of McMinnville argues that this Court lacks jurisdiction both because violations of municipal ordinances are considered civil for the purposes of procedure and appeal and because the Notice of Appeal was untimely under Tennessee Rule of Appellate Procedure 4(a).[6] Defendant argues that jurisdiction properly lies with this Court because of the vagueness of the underlying traffic citation. Rather than presenting an argument that the timeliness of his Notice of Appeal should be waived in the interests of justice, Defendant argues that his Notice of Appeal is actually premature because the Circuit Court's Order failed to address his Motion for New Trial and, therefore, is not a final order. *See* Tenn. R. App. P. 4(d).

"The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citations omitted). Subject matter jurisdiction can only be conferred on a court by legislative or constitutional act. *State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004). Whether a court possesses subject matter jurisdiction over a controversy depends on "(1) the nature or gravamen of the cause of action, (2) the nature of the relief being sought, and (3) the constitutional or statutory provisions relied upon by the plaintiff." *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012). "The parties cannot confer subject matter jurisdiction on a trial or appellate court by appearance, plea, consent, silence, or waiver." *Id.* Subject matter jurisdiction "cannot be waived, because it is the basis for the court's authority to act." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996).

To determine whether this Court possesses subject matter jurisdiction, we must first determine whether Defendant was charged with a violation of a state statute or a municipal ordinance. *See generally State v. Joe Clyde Tubwell*, No. W2012-01385-CCA-R3-WM, 2012 WL 6476097, at *2 (Tenn. Crim. App. Dec. 13, 2012) (noting that the nature of appellate jurisdiction is dependent on whether the defendant was charged with

---

[6] Unlike in criminal cases, the time limit for filing a notice of appeal in civil cases is jurisdictional and cannot be waived in the interests of justice. *See Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008).

violating a municipal ordinance or a state statute), *no perm. app. filed*. Violations of state statutes are criminal, and the jurisdiction of this Court extends to the review of final judgments in criminal cases, both felony and misdemeanor. *See* T.C.A. § 16-5-108(a)(1); *City of Church Hill v. Roger Elliott*, No. E2016-01915-CCA-R3-CD, 2017 WL 2591371, at *4 (Tenn. Crim. App. June 15, 2017), *no perm. app. filed*. On the other hand, violations of municipal ordinances, which do not involve the potential for incarceration, are considered civil for the purposes of procedure and appeal. *See City of Chattanooga v. Myers*, 787 S.W.2d 921, 928 (Tenn. 1990). Thus, jurisdiction over such appeals lies with the Tennessee Court of Appeals. *See* T.C.A. § 16-4-108; *City of Chattanooga v. Davis*, 54 S.W.3d 248, 260 (Tenn. 2001). Though municipal ordinances may mirror, duplicate, or cross-reference state criminal or traffic statutes, the two are not interchangeable. *City of La Vergne v. Randall T. LeQuire*, No. M2016-00028-COA-R3-CV, 2016 WL 6124117, at *3, *5 (Tenn. Ct. App. Oct. 19, 2016), *no perm. app. filed*.

Defendant asserts that the traffic citation issued in this case does not clearly specify whether he was charged with a violation of state statute or municipal ordinance for running a stop sign. *See* T.C.A. § 55-8-109(a), (d) (making the failure to "obey the instructions of any official traffic control device" a Class C misdemeanor); *City of McMinnville Municipal Code* § 15-117 ("It shall be unlawful for . . . the operator of any vehicle to violate or fail to comply with any traffic-control sign, signal, marking, or device . . . ."). As we shall discuss further below, subject matter jurisdiction in this case properly lies with the Court of Appeals because the City Court had jurisdiction only over municipal ordinances, which are civil.

Under the Municipal Court Reform Act of 2004, the jurisdiction of municipal courts is set forth as follows:

(1) A municipal court possesses jurisdiction in and over cases:

(A) For violation of the laws and ordinances of the municipality; or

(B) Arising under the laws and ordinances of the municipality; and

(2) A municipal court also possesses jurisdiction to enforce any municipal law or ordinance that mirrors, substantially duplicates or incorporates by cross-reference the language of a state criminal statute, if and only if the state criminal statute mirrored, duplicated or cross-referenced is a Class C misdemeanor and the maximum penalty prescribed by municipal law or ordinance is a civil fine not in excess of fifty dollars ($50.00).

T.C.A. § 16-18-302(a). This Court has previously held that Tennessee Code Annotated section 16-8-302(a)(2) does not bestow upon municipal courts jurisdiction over criminal misdemeanors; instead, "[t]he violation of the language of a state criminal statute incorporated by cross-reference into a municipal ordinance is civil, whereas the violation of the state criminal statute itself is criminal." *Roger Elliott*, 2017 WL 2591371, at *4.

"[W]hile ordinarily the jurisdiction of municipal courts is limited to cases involving violations of municipal ordinances, it may be extended by the Legislature to cases arising under state law." *Moore v. State*, 19 S.W.2d 233, 233 (Tenn. 1929). Tennessee Code Annotated section 40-1-107 grants "[o]riginal jurisdiction of criminal actions" to "city judges of certain towns and cities." "Those municipal courts that exercise jurisdiction over criminal offenses are usually accorded concurrent jurisdiction with general sessions courts for offenses committed within the city limits." *State v. Elke Babette Paster*, No. W2014-00606-CCA-R3-CD, 2015 WL 376450, at *2 (Tenn. Crim. App. Jan. 28, 2015), *perm. app. denied* (Tenn. May 19, 2015). However, a municipal judge must meet all of the constitutional requirements for an inferior court judge in order to preside over trials of criminal offenses that may be punishable by incarceration. *See City of White House v. Whitley*, 979 S.W.2d 262, 265 (Tenn. 1998). One such requirement for a municipal court to have jurisdiction over criminal law is that the judge must be popularly elected for an eight-year term. *See id.* (citing Tenn. Const. Art. VI, § 4; T.C.A. § 16-18-202); *Roger Elliott*, 2017 WL 2591371, at *4. The municipal judge for the City of McMinnville is nominated by the mayor and appointed by the majority of members of the board of mayor and aldermen. *City of McMinnville Municipal Code* § 3-101. Thus, the jurisdiction of the City Court was "limited to violations of municipal laws and ordinances, including ordinances which properly incorporate the language of state criminal statutes." *Roger Elliott*, 2017 WL 2591371, at *5.

It is clear from the record before this Court that this case was treated as a civil violation of a municipal ordinance from its inception. The traffic citation directed Defendant to appear in the City Court, which only had jurisdiction over cases arising under the laws of the municipality, rather than the General Sessions Court. The City Court's order found Defendant "guilty of violating Municipal Ordinance section 15-117." The Circuit Court's order found Defendant "guilty of violating the City ordinance concerning failure to adhere to the stop sign." The Circuit Court did not issue a Uniform Judgment Document, which is required for every criminal conviction pursuant to Rule 17 of the Rules of Tennessee Supreme Court. Defendant himself relied on the Tennessee Rules of Civil Procedure in his various motions. Nowhere in the record is there any indication that Defendant was charged with or convicted of violating Tennessee Code Annotated section 55-8-109.

Because Defendant was found guilty of violating a municipal ordinance, we are without subject matter jurisdiction to consider this case. Therefore, we must transfer this case to the Tennessee Court of Appeals in accordance with Tennessee Rule of Appellate Procedure 17 for further adjudication. The Court of Appeals will be able to determine whether Defendant's Notice of Appeal is untimely or premature.


_____

TIMOTHY L. EASTER, JUDGE